JOHN BUSBY, Appellant, *v.* ANTON HOLTHAUS *et al.*, Respondents.

46  161
50a 533
46  161
58a 591

1. *Damages—Servitudes—Excavations—Pressure of buildings, etc.*—In a suit for damages caused by the bursting of a sewer and certain privies in plaintiff's premises, and the sliding in of an embankment about them into a cellar recently excavated by defendant, *held,* that plaintiff had a right to a support from the adjoining soil for his land in its natural state, but, in order to recover in such action, it should appear that the slide was not caused by the pressure of his buildings or by his sewer, and that the slide caused the bursting of the sewer.

### Appeal from St. Louis Circuit Court.

*H. B. O'Reilly,* for appellant.

*Hitchcock & Lubke,* for respondents.

BLISS, Judge, delivered the opinion of the court.

Defendants excavated a cellar up to the back line of plaintiff's lot. Less than four feet from this line was a row of brick privies for the accommodation of the tenement houses belonging to the plaintiff, and under the privies and parallel to the edge of the cellar ran a brick sewer communicating with the large sewer in the street. A few days after the cellar was dug, the bank caved in, the sewer burst, and the water, etc., ran into the cellar. The case was tried on appeal from the judgment of a justice of the peace, and was submitted to the court sitting as a jury, the plaintiff claiming that the sliding in of the bank and bursting of the sewer was caused by the excavation and removing of the support to which the plaintiff's lot was entitled; and the defendants, on the other hand, claiming that it was the result of the weight of the privies and the obstructions in the sewer which dammed up the water and caused the sewer to burst.

The plaintiff had a right to a support from the adjoining soil for his land in its natural state, and if the slide was not caused by the pressure of his buildings or by his sewer, and if the slide caused the bursting of the sewer, he is entitled to recover. The opinion of Judge Leonard in Charless v. Rankin, 22 Mo. 566,

is a learned and able discussion of the law involved in this case, rendering comment upon the general law quite unnecessary. And I will only consider the one declaration which was asked by the plaintiff and refused, which is as follows: "If the court, sitting as a jury, believe from the evidence that defendants excavated a cellar some six feet deep, and twenty-five feet or more along and up to the place of division between the respective lots of plaintiff and defendants; that the plaintiff's land was in its natural state, save that a sewer (with privies connected) had been constructed by plaintiff 3½ feet distant from and parallel to the place of division aforesaid, and at a depth of an average of five feet below the surface; that defendants had taken no precaution to prevent a caving of plaintiff's land into their cellar, and that the clay and earth, some twenty feet in length and three to four in width along said plane of division, did cave into said cellar, and that immediately thereafter plaintiff's sewer also caved in, then defendants are responsible for the damage occasioned thereby, although plaintiff may have known that the excavation aforesaid was being made." The facts recited alone may have been sufficient to warrant the court in finding that the slide in the land was caused solely by the digging, without any pressure from the erections or other works of the plaintiff, yet the declaration is not full and is somewhat ambiguous, and the court doubtless so considered it. There is very great significance in the phrase "save that a sewer, with privies connected, had been constructed," etc., and a suggestion that the land could not be in its natural state. The fault in the instruction consists in the assumption, as matter of law, that the caving in was not caused by the plaintiff's buildings or sewer — that if they had not been there it would have happened all the same. If, at the end of the hypothetical statement and before the deduction, were added the further hypothesis that the falling in of the earth was not caused by the buildings or sewer, and that it caused the breaks in the sewer, then the declaration would have been correct and should have been given. As it is, it presents a partial and uncertain view of the case. The testimony would certainly warrant, if not require, that the loss be charged to defendants, but it was a ques-

tion of fact as to what caused it, and no errors of law are made to appear.

The judgment of the Circuit Court must therefore be affirmed. The other judges concur.