JOHN M. WARD, Plaintiff in Error, v. JAMES ANDREWS
et al., Defendants in Error.

January 31, 1877.

In an action for damages on account of an excavation, where a want of care
and skill is charged and denied, it must be proved. Negligence cannot be
inferred from the facts of the excavation and the injury, where the injury
might have happened without the excavation.

ERROR to St. Louis Circuit Court.

Affirmed.

A. R. Taylor, for plaintiff in error.

R. E. Rombauer and John R. Warfield, for defendant in
error Andrews, cited: 1 Chitty's Pl. 403; Hess v. Supton,
7 Ohio, 216; Pye v. Rutter, 7 Mo. 548; Common Pleas v.
Sargent, Wright (O.), 482; Simon v. Stevenson, 36 Ill.
49; Beach v. Bay State Co., 30 Barb. 433; Add. on Torts,
Dudley & Bailey's ed. 22, 23, notes; Boland v. Missouri
R. R. Co., 36 Mo. 484; Biddle v. Boyce, 13 Mo. 532;
Sturdevant v. Rehare, 60 Mo. 152; Callahan v. Warne, 40
Mo. 131; Charles v. Rankin, 22 Mo. 566; Busby v. Holt-
ham, 46 Mo. 161.

HAYDEN, J., delivered the opinion of the court.

This was an action grounded on the alleged negligence of
the defendants in removing the dirt and natural support of a
house, a part of which was held by the plaintiff under lease;
that the house gave way and sank, the plaintiff's rooms be-
came untenantable, and his furniture in the rooms damaged.
The plaintiff was nonsuited, and whether he was properly
nonsuited depends on the correspondence between the alle-
gations of his petition and the evidence adduced to support
them. The petition alleges that the plaintiff was carrying
on the business of renting the rooms; that the defendants,
who were engaged in making a tunnel, made excavations
near the premises, and carelessly and negligently removed
the dirt and natural support of the house, thereby causing

its walls to crack, give way, and sink, his rooms to become untenantable, etc. ; that the defendants also blocked up the entrances ; that by their wrongful acts the walls were opened, rain and dirt got in upon the furniture, etc.   The defendants filed separate answers, defendant Andrews alleging that he, as employee of the other defendant, was engaged in making the tunnel ; that the other defendant, the tunnel company, by authority of its charter and under license from the city of St. Louis, was constructing the tunnel, and as its agent this defendant lawfully made an excavation near plaintiff's premises.   The tunnel company pleaded that Andrews had a contract with it for the construction of the tunnel, and set up its authority as above for the making of a railroad which it had along Eighth Street, in front of the premises.   Both defendants denied any negligence, and denied, in substance, the other allegations of the petition.   A reply was filed, denying the affirmative allegations of the answers.

It will be seen that the petition neither pleads facts to show, nor by any averment charges, that the acts of the defendants in excavating and in removing the soil were, in themselves, wrongful acts.   On the contrary, as a pleading must be construed against the pleader, the petition admits that the acts, as such, were lawful ; otherwise, it is to be presumed the pleader would have charged facts showing that the acts were unlawful.   The *gravamen* of the complaint is that these lawful acts were negligently done ; that owing to the careless or unskillful manner in which the defendants or their employees performed these acts, and not owing to other causes, the plaintiff's property was injured. Hence, the point of the appellant that the court below erred in presuming a license is not well taken.   The fact that the answers plead a license cannot avail to amend the plaintiff's petition.

As the petition thus, in effect, charges a want of care or skill on the part of the defendants, or their employees, in

removing the soil or the natural support of the house, and as the answers deny this allegation, it was incumbent on the plaintiff to give evidence tending to prove this issue. But the record shows no such evidence. There is an absence of facts immediately surrounding the subject, and the jury is asked to infer negligence from the fact of the excavation and from the fact of the injury. There is nothing showing the mode or the manner in which the excavation was made, nor the particular spot where it was made relatively to the house, and, for aught that appears, defendants may have used due care and skill in making the excavation. The fact that defendants built walls or put up props does not tend to prove they did bad work in excavating. This should have been shown, and that plaintiff was injured by the bad work of the defendants. The appellant complains greatly of the action of the court below, but his references to testimony fail to show error. Thus, the appellant refers to the testimony of the witness Sexton, who says that the walls were badly cracked by reason of the foundations giving way, and that the building was dangerous to live in ; that there were some props put up against the wall by parties making excavation, but that the wall was not properly propped, and was dangerous. This is not an action against defendants for depriving plaintiff of lateral support, and, if it were, the evidence would not sustain it. *Charless* v. *Rankin*, 22 Mo. 566 ; *Busby* v. *Holthaus*, 46 Mo. 161. The giving-way of the building, and the cracks in it, may have been caused by its own weakness or by the condition of the land under it, and not by the excavation. It does not appear from the evidence that the building sunk or became cracked immediately upon the excavation being made ; and, if it did, mere synchronism, or concurrence in respect to time, does not establish or tend to establish the relation of cause and effect. Neither logic nor law allows a person to infer that a result has been produced by a given incident merely because that incident occurred in time to produce it.

The relation of cause and effect is a necessary element in the case, and like other elements must be made out by evidence of facts. *Holman* v. *Chicago, Rock Island & Pacific R. R. Co.*, 62 Mo. 562. It was incumbent on the plaintiff to introduce evidence tending, not only to show that the excavation caused the injury, but that the defendants and their employees were careless or unskillful in doing the work of excavating. The principles applicable to this case have recently been discussed in the case of *Schmidt* v. *Harkness*, decided at this term; and the authorities there cited are also applicable to this case.

The plaintiff complains of the refusal of the court to allow certain evidence to go to the jury: first, certain admissions, and then certain evidence as to damages. But none of the evidence excluded would have supplied the deficiencies in plaintiff's case, as none of it tended to prove negligent acts or omissions of the defendants, by which the injury was done to plaintiff's property. It appears from all the evidence adduced or offered that the damage might have resulted consistently with due care and skill on the part of the defendants in making the excavations.

The judgment of the court below is affirmed. All the judges concur.