### HEMSWORTH v. CUSHING.

LATERAL SUPPORT—SUPERSTRUCTURE—DAMAGES.

> If the pressure of a superstructure is the cause of land's caving into an excavation made by the owner of the adjoining premises, no damages can be recovered for the loss of lateral support.

Error to superior court of Grand Rapids; Burlingame, J. Submitted October 5, 1897. Decided November 23, 1897.

Case by Annabelle Hemsworth against Nathan A. Cushing to recover damages for removing the lateral support to plaintiff's land. From a judgment for plaintiff, defendant brings error. Reversed.

*McGarry & Nichols*, for appellant.

*William B. Brown*, for appellee.

MOORE, J. Plaintiff recovered a judgment against defendant, from which judgment defendant appeals. The parties are owners of adjacent lots, both of which were several feet higher than the street. Defendant removed the earth upon his lot so that a portion of the lot was upon a level with the street. It was the claim of the plaintiff that, as the result of his action, the soil from her lot was caused to slide, carrying with it her lawn, shrubbery, and flowers, and causing her house, which was 14 or 15 feet from the division line, to settle. The plaintiff was allowed to give evidence of injury to the shrubbery upon her lot, and of injury done to her house, which injury she claimed was caused by defendant's removing the earth on his lot. It is the claim of the defendant that this proof was not permissible under the declaration. We think the averments in the declaration were broad enough to allow the admission of the testimony.

In his charge to the jury, among other things stated by the learned judge, was the following:

"The theory of the plaintiff in this case is that the bank of the premises of Mrs. Hemsworth tumbled off down into the valley there on account of Mr. Cushing's negligence in digging under the bank on his ground; that he dug up so close that it tumbled off, and didn't leave a lateral support. Now, if that is the case, and you are satisfied of that by a fair preponderance of evidence, then in that case this woman would be entitled to whatever reasonable damage she has sustained on account of that negligent act of Mr. Cushing. The theory of the defense is that Mr. Cushing did not do it at all. Now, if Mr. Cushing is not guilty of any negligence whatever on these premises, then it would not make any difference how many flower-beds tumbled off into the valley, or how many peach trees or grape-vines there were, or whether the place would sell or not. The mere gist of it is right here: Is Mr. Cushing to blame for the situation you find there of Mrs. Hemsworth's lot? Is he responsible for it? Now, you know what the testimony is. If he is, she is entitled to whatever damages she has sustained. If he is not, it doesn't make any odds about the situation.

"If this condition came about through her instrumentality and consent, and he is guiltless, then it doesn't make any difference what the condition was you found it in up there the day you visited it. It doesn't make any difference whether it is a foot or six feet or twelve feet or fourteen feet from the excavation to the house. It doesn't make any difference about it, if Mr. Cushing is not to blame. If Mr. Cushing is to blame, then it might have some bearing upon the question of damages sustained, as to what the condition is. This is the sum and substance of it. * * * That a party has a right to lateral support, ordinarily, there is no question; but, if that lateral support is removed by their consent and acquiescence, then they cannot find fault with somebody else because they don't have it. If they are entitled to lateral support, and that lateral support is removed by some one else without their authority and acquiescence, then they ought to be protected against it.

"Lateral support is the right which the owner of land has to have his land supported by the adjoining land, and the owner of land is as much entitled to lateral support as he is to the land itself; and any person disturbing or remov-

ing his own land, or causing or permitting the same to be taken away, without the consent and permission of the owner of land adjoining thereto, is liable to the owner of such adjoining land for the amount of damages done to such adjoining land by reason of the removal of such lateral support.

"If you find the defendant caused or permitted the earth on his lot to be removed, without the consent of the plaintiff, so as to withdraw the support from the plaintiff's lot, and thereby causing the earth on the plaintiff's lot to slide down and cave off, the fact that the plaintiff caused her own lot to be graded down a short distance at or about the same time would not excuse the defendant for his act in further removing the supporting earth from his lot."

This is said to be error.

The question of the right to lateral support of adjacent owners of land has received a very full discussion in the recent case of *Gildersleeve* v. *Hammond*, 109 Mich. 431, and it will not be necessary to review the cases at length here. After a lengthy discussion of the cases, Justice GRANT stated the law to be as follows:

"Our conclusion as to the law of this and similar cases is:

"1. While a landowner has the undoubted right to excavate close to the boundary line, he must take reasonable precautions to prevent his neighbor's soil from falling.

"2. If he has taken such reasonable precautions, and yet the soil falls from its own pressure, he is still liable for injury to the land, but not for any injury to the superstructure.

"3. If the pressure of the superstructure causes the land to fall, he is not liable either for injury to the land or superstructure.

"4. If he fails to take such reasonable precautions to protect his neighbor's soil, and to preserve it in its natural state, he is liable for the injury to both the land and the superstructure, if the pressure of the superstructure did not cause the land to fall, and it fell in consequence of the failure to take such reasonable precautions."

The learned judge failed to instruct the jury that the lateral support to which the soil of the plaintiff was entitled

was that sufficient to support the soil in its natural condition, and that, if the pressure of the superstructure caused the land to fall, the defendant is not liable either for injury to the land or superstructure. The jury should have been so instructed.

Judgment is reversed, and new trial ordered.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred with MOORE, J. HOOKER, J., concurred in the result.