CUMMINGS *v*. DIXON.

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE IN GRADE—DAMAGES TO ADJACENT PROPERTY.
   In the absence of a statute giving a right to recover therefor, damages suffered by an adjacent property owner because of a change in the grade of a street cannot be recovered.

2. SAME.
   Under the general village law (§§ 2783, 2784, 1 Comp. Laws), a property owner is entitled to damages for the change in a street grade only when the prior grade in conformity to which his improvements were made was established by competent municipal authority in the prescribed manner.[1]

Error to Montcalm; Davis, J. Submitted January 18, 1905. (Docket No. 72.) Decided March 7, 1905.

Trespass quare clausum fregit by Edward C. Cummings against Thomas T. Dixon and another. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp* (*L. A. Lyon*, of counsel), for appellant.

*A. B. Goodwin* and *Chaddock & Scully*, for appellees.

MONTGOMERY, J. This case presents a question of great importance to municipalities. The action is brought in trespass against the president and street commissioner of the village of Carson City to recover damages sustained by plaintiff by excavations made in Main street, in said village, to make the grade conform to the grade established by the village authorities by regular action taken

---

[1] As to damages to abutting owner by first grading of street, including question what is regarded as establishing a grade, see note to *Hickman* v. *Kansas City*, (Mo.)23 L. R. A. 658.

in the year 1900. The plaintiff's contention is that the action taken to establish this grade was unlawful, and wholly ineffectual, for the reason that it constituted an attempt to change a previously established grade without first making compensation to the plaintiff, who had made valuable improvements upon his property relying upon the existing grade.

The facts are not in dispute. The street in question had existed as a highway for many years. In 1887 the village of Carson City was incorporated. The road had been previously worked by township authorities. In 1887–88, after the incorporation of the village, some steps were taken looking to the establishment of a grade, but these proceedings are conceded to have been irregular, and to have lacked both formality and finality. A curb line was established, and a curb built; the street was worked and graded; but the requirements of the charter were not observed. The plaintiff thereafter built a building upon his property, and claims to have suffered damages by reason of the grade of 1900 having provided for a cut in front of his premises of from 12 to 20 inches.

By the terms of Act No. 3, Pub. Acts 1895, providing for the incorporation of villages, all villages theretofore incorporated under general or special laws were reincorporated under said act of 1895. Section 15, of chapter 7, of this act, being 1 Comp. Laws, § 2783, reads as follows:

"The council shall have authority to determine and establish the grade of all streets, avenues, alleys, and public grounds within the village, and to require improvements and buildings, adjacent to, or abutting upon, such streets, alleys, or grounds to be made and constructed in conformity with such grade; and the council may change or alter the grade of any street, alley, or public ground, or of any part thereof whenever in their opinion the public convenience will be promoted thereby. Whenever a grade shall be established or altered a record and diagram thereof shall be made in the book of street records in the office of the clerk."

The succeeding section provides:

"Whenever the grade of any street or sidewalk shall have been heretofore or shall hereafter be established, and improvements shall thereafter be made by the owner or occupant of the adjacent property in conformity to such grade, such grade shall not be changed without compensation to the owner for all damages to such property resulting therefrom."

The question presented is, When is a grade to be said to have been established, within the meaning of this last section? The contention of the plaintiff is that a grade is established when, by long user, it has become fixed, and when improvements have been made by the village authorities on a certain grade. The defendant, on the other hand, contends that, before such grade can be said to be established, legal action by the constituted authorities must have been had. If acting under the present law, this action must have been by the common council; if under the previous charter, equally formal action was required.

The question presented is not free from difficulty, nor can it be said that authority is wholly lacking to sustain plaintiff's contention; but in construing and applying such authorities care must be taken to consider the peculiar wording of the statutes under consideration in each, as well as the attitude of the court upon the question of liability of the municipality for a change of grade in the absence of statute.

It is to be kept in mind that it is fully settled by our adjudications that, in the absence of a statute giving a right to recover therefor, damages suffered by an adjacent owner by reason of a change in grade cannot be recovered for. *City of Pontiac* v. *Carter*, 32 Mich. 164. Cases which make for a different rule cannot be of aid in solving the question before us. Of this class are *Smith* v. *Commissioners*, 50 Ohio St. 628, and *Borough of New Brighton* v. *Presbyterian Church*, 96 Pa. St. 331; the former having been determined upon common-law principles and being plainly in conflict with our own decisions, and the latter having been rested upon the terms of the

State Constitution. In *McGar* v. *Borough of Bristol*, 71 Conn. 652, it was held that a change from the natural grade was a change from a "well-settled" grade. The case does not deal with the question before us. *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118, sustains the plaintiff's contention, and holds that a grade may be established within the meaning of a statute similar to ours by user. On the other hand, in the well-reasoned case of *Kepple* v. *City of Keokuk*, 61 Iowa, 653, a provision in all essential particulars corresponding to our statute was construed, and it was held that the word "established" should be construed with reference to the well-understood manner in which the grade of streets is established.

It is pointed out that when the statute is followed the owner of property may, by reference to the record, ascertain the grade, and know where the surface will be when brought to that grade, and build with reference to it. In *City of Valparaiso* v. *Adams*, 123 Ind. 250, a statute was considered which gave a right to damages when there was a change of grade after the "city authorities have once established the grade." It was held that until proceedings are had by the common council directing that the grade of a certain street be established, or that the grade of a street already established be approved and adopted in some authoritative way, it cannot be decreed that the city authorities have ever established the grade of the street within the meaning of the statute; citing *Mattingly* v. *City of Plymouth*, 100 Ind. 545. We think the general understanding accords with the holding in *Kepple* v. *City of Keokuk*, supra. The establishment of a grade of a street takes place when corporate action is had to that end, and this usually—if not necessarily—is a matter of definite record. *Larned* v. *Briscoe*, 62 Mich. 393. The establishment of the grade may, and usually does, precede actual grading of the street, and it is a fact of some significance that the adjacent owner may make his improvements to conform to the established grade at once it is established. The term is to be construed in connection with the preceding section, and with reference to the au-

thority vested in the council under its prior charter. So construed, we are satisfied that the legislature did not intend to so far depart from the common law as to give a right to recover damages except in case of a change from a grade deliberately established by competent municipal authority in the prescribed manner. The circuit judge held this opinion, and directed a verdict for defendant. The judgment entered on that verdict is affirmed.

MCALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.