## LABADIE v. VILLAGE OF FORD.

1. MUNICIPAL CORPORATIONS—RES JUDICATA—SIDEWALKS—CHANGE OF GRADE—DAMAGES—VILLAGES—STREETS.

   Complainant instituted an injunction suit to restrain defendant village from changing the grade of a sidewalk which he claimed had been previously established by the board of trustees; upon the hearing the court held that the grade had not been shown to have been established by the village prior to the alleged change. There was no evidence that the village had, by action of its council, recorded in its books of record in the manner required by law, voted to establish the grade of the sidewalk adjacent to the premises. *Held*, in an action for damages by reason of the change of the grade, that plaintiff was barred by the decree in chancery and that in any event the steps taken by the village, if any, were not properly recorded so as to establish in legal form the grade of the first sidewalk.

2. SAME—RECORDS—GRADE, ESTABLISHMENT OF.

   Villages are required by statute to keep a record of their proceedings which is the best and in most cases the only lawful evidence of official action. 3 Comp. Laws, §§ 2371, 2372; 3 How. Stat. (2d Ed.), §§ 5950, 5951.

3. SAME—SIDEWALKS—DAMAGES.

Before the enactment of the statute permitting a recovery for the change of grade, adjacent owners were not entitled to recover against a village for lowering the grade of a sidewalk.

Error to Wayne; Halley, J. Submitted January 14, 1915. (Docket No. 98.) Decided April 6, 1915.

Case by Eli D. Labadie and another against the village of Ford and others for damages because of the change in the grade of a sidewalk. Judgment for defendants. Plaintiffs bring error. Affirmed.

*Ignatius J. Salliotte,* for appellants.

*Woodruff & Woodruff* and *Frank W. Atkinson,* for appellees.

STEERE, J. This action was brought by plaintiffs, who are husband and wife, against the village of Ford and James Rushlow, its contractor, who did the work complained of, to recover damages for lowering the grade of Biddle street, in said village, in front of plaintiff's residence and place of business. Upon a directed verdict in favor of defendants, plaintiffs have brought the proceedings to this court for review on writ of error. .

Plaintiffs are and were owners of real property, consisting of a lot and a fraction in a certain subdivision lying on the west side of Biddle avenue in a business portion of the village of Ford, Wayne county, Mich. Upon this land was a store building erected by a previous owner and an addition built by plaintiffs after they purchased the property, in 1909; the ground floor and entrance of both conforming to the then existing sidewalk grade at that point, the buildings being two feet back from the lot line. Plaintiffs occupied and used the main building for a

grocery and the addition for a confectionery store, also residing upon the property.

In 1911 the village of Ford lowered the grade in front of these premises over two feet, leaving plaintiffs' buildings correspondingly high above the sidewalk line. This work was done by defendant Rushlow, as contractor for the village. Plaintiffs protested against the grade being lowered both to the contractor and the village authorities, and said Eli D. Labadie, joining with other complainants, filed an injunction bill in the circuit court for the county of Wayne, in chancery, against these same defendants, claiming, as here, that in 1905 a grade for sidewalks, in conformance with which complainants' buildings were erected, had been established by the municipal authorities of the village of Ford.

Upon filing said bill a preliminary injunction was granted by the court temporarily restraining defendants from lowering said grade and holding up the work until the suit was finally decided. After pleadings were perfected, the suit was heard upon proofs taken in open court, resulting, on September 6, 1911, in a decree adverse to complainants, in which the court held, among other things, that it appeared "from the testimony offered in open court by complainants that no grade for sidewalks on the west side of Biddle avenue, in the said village of Ford, between the Goddard road and St. John street, was established by the said village of Ford, as charged in said bill of complaint, and that said complainants are not entitled to the relief prayed for in said bill of complaint;" whereupon the injunction was dissolved and said bill of complaint dismissed, with costs in favor of defendants. Plaintiff Marie Labadie was not a complainant in that suit, but upon the trial of this case her husband, plaintiff Eli D. Labadie, testified she knew of the injunction; that he acted for her

in the equity suit, and she knew what he was doing.

Plaintiffs' testimony showed, or tended to show, that over eight years prior to lowering the grade now complained of, on March 12, 1903, the board of trustees of said village passed a resolution to have the street levels and profiles placed on the map of the village by one George P. Palmer. On March 26, 1903, said board also passed the following resolution:

"Resolved, that in the construction of cement sidewalks to be hereafter constructed in the village by owners of property abutting on the several streets of said village, it is hereby agreed on the part of said village that one-half of the cost of constructing such sidewalk shall be defrayed by said village: Provided, that said sidewalks be constructed according to the established grade of said village and under the superintendence and direction of the street commissioner of said village."

On the 23d of June, 1904, said board passed an ordinance, sections 6 and 7 of which are as follows:

"SEC. 6. All sidewalks in this village shall remain as now laid and established until they are rebuilt or repaired, when they shall be rebuilt or repaired under the provisions of this ordinance, and shall be subject to the same in all respects.

"SEC. 7. All streets and sidewalks hereafter established shall be graded to the established grade, and the same proceedings shall be had in ordering, grading and providing for the payment thereof, as near as may be, as is herein ordered as to laying sidewalks. All crosswalks shall be ordained by resolution to be built under the direction of the street commissioner, contractor or other such person as the council may direct. The village council may at any time, by resolution entered upon its minutes, authorize any officer of the village, or other person, to perform the same duties as are hereby required to be performed by the village contractor, street commissioner, or other officer."

In the summer of 1905 a resolution was passed

by said board recommending the building of a sidewalk upon Biddle street, passing in front of plaintiffs' premises, the contract for construction of which was given to one Antoine Labadie; one-half of the cost being paid by the village and the other half by the owners of the property. Antoine Labadie, the contractor, testified that he had a grade to work by in the shape of a blueprint which he got from the council in the council room; that the street commissioner was there part of the time while the work was in progress and a committee of the council approved the work. This blueprint which Labadie states he then had appears to have been lost. The village clerk, who was custodian of the records and books of said village, testified that he yet had all ever turned over to him, including the first record book of the village, and had made search for a map of the sidewalk grades but was unable to find any. Testimony was also introduced by plaintiffs to show that their business had fallen off in consequence of lowering this grade, and the amount it would cost to lower their buildings to the grade.

The possible issues involved are well and concisely stated in the brief of defendants' counsel as follows:

"(a) Is the decree of the equity court 'res adjudicata' and binding on the plaintiffs in the case at bar?

"(b) Does the testimony in the case at bar show the establishment of a grade as contended?

"(c) Does the testimony disclose any damages for which a recovery can be had?"

The assignments of error relied upon are that the court erred in admitting the record of the chancery suit in evidence, and in directing a verdict for the defendant; plaintiffs having shown that a sidewalk grade was established and a sidewalk built prior to the erection of their buildings and changed subsequent to their erection, entitling them to compensa-

tion for resulting damages, under section 2784, 1
Comp. Laws, to be ascertained and awarded by a
jury.

The trial court, without referring to the chancery
suit, directed a verdict for defendants on the sole
ground that:

"There has been no testimony that shows that any
grade on the street had been established prior to the
lowering of the sidewalk in front of plaintiffs' prem-
ises."

If this view is correct, admission of the chancery
record becomes immaterial.

It is to be noted, however, that in the chancery
suit an injunction was asked to restrain defendants
from lowering the grade on the same ground that
damages are asked here—that a grade for sidewalks
had been previously established by the village board
of trustees—and the court then held, even stronger
than here, that complainants' own testimony not only
failed to establish such claim but made it appear to
the contrary. Plaintiff Eli D. Labadie was one of
the complainants in that suit, and the defendants were
the same as here. As to him, there was identity of
parties, subject-matter, and controlling point in con-
troversy, decided upon its merits, for it is well settled
in this State that in the absence of the statute cited
by his counsel, which makes a previously established
grade a prerequisite, adjacent owners cannot 'recover
damages against a municipality for changing the
grade of the street in front of their property. *City
of Pontiac* v. *Carter*, 32 Mich. 164; *Cummings* v.
*Dixon*, 139 Mich. 269 (102 N. W. 751). The con-
trolling issue in this case is *res adjudicata* as to him
by reason of having been once litigated by and decided
against him in the chancery suit, from which no
appeal was taken. The question is not so clear as to
his wife, who was not a party of record in that suit.

She joins in this action as an owner of the property with him, but the nature of her ownership is not stated. Whether as a joint tenant by entirety, or only by inchoate right of dower, is left to surmise. He testified that he acted for her in the chancery suit, and she had full knowledge and notice of it. While the doctrine of estoppel by judgment has been applied to persons not of record, who had full knowledge and notice of the pendency of a suit in which they were knowingly, directly interested and represented by others authorized to protect their interests (24 Am. & Eng. Enc. of Law [2d Ed.], p. 736), that question need not be passed upon here.

Village councils are required by statute to keep a record of their proceedings, and it is well settled by abundant authority that their records are the best, and in most cases the only, lawful evidence of their official acts. Sections 2731-2752, 1 Comp. Laws, and cases cited. Even though not expressly required by statute, the importance of a record of such matters as the one under consideration is pointed out in *Larned* v. *Briscoe*, 62 Mich. 393 (29 N. W. 22), wherein it is said of the board of public works of Detroit, a subordinate body:

"Although the act authorizing the organization of such board does not, in terms, require that it shall keep a record of its proceedings, yet such record is required from the nature of the duties imposed. The preparation of plans for laying out streets, the approval of plats, the establishment of a system of grades and of sewers, cannot rest in parol, or upon fugitive papers, but the law plainly implies such important acts shall be evidenced in the permanent form of a record."

The evidence in this case falls far short of showing that the alleged prior grade was established by competent municipal authority and put in permanent form of a record, in manner prescribed and re-

quired by law. What random steps are shown to have been taken in that direction were imperfect, informal, not properly of record, and lacked finality. They are clearly inadequate to prove a prior, legally adopted grade, under *Cummings* v. *Dixon,* 139 Mich. 269 (102 N. W. 751), which we deem controlling here.

The judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OS-TRANDER, BIRD, and MOORE, JJ., concurred.