### HOROWITZ *v.* BLAY.

1. NEGLIGENCE—EXCAVATING SOIL—DUTY TO OWNER—SUPPORT.

     The owner of a parcel of ground who desired to erect a building on his land with a basement of ordinary depth and character was entitled to excavate the entire width of the lot unless some duty to the adjoining owner or the tenant of the building was violated: the mere fact. that the excavation caused one of the walls of the building. to fall does not in itself establish liability.[1]

2. SAME—ADJOINING LANDOWNERS—EXCAVATION.

     Where one of the witnesses for plaintiff testified that. the wall should have been underpinned as a protection against the consequences of excavating the adjoining lot, and where plaintiff assumed that the duty of constructing the underpinning rested upon those who made the excavation, but there was no proof that the ground under the wall would have given way except for the weight of the building, the obligation was not on the excavators but rested with the proprietor of the building.

---

[1] On the question of liability for injury to buildings on adjoining land by negligent removal of lateral support of the soil, see note in 6 L. R. A. (N. S.) 243.

3. SAME—EVIDENCE—BURDEN.

Moreover, mere evidence that those excavating permitted water from the mains to accumulate did not show negligence without proofs tending to connect the fall of the building with the water, or that the ground was softened thereby so as to weaken the support.

4. SAME—APPEAL AND ERROR—OFFER OF PROOF.

Where counsel stated that he had witnesses in court whom he offered to produce to give testimony that the men in charge of excavating the ground were incompetent, inefficient, and negligent, his statement amounted to a conclusion only, and unless the court could determine that the testimony, if received, might or would have changed the result, it will not reverse the judgment, upon writ of error.

Error to Wayne; Hosmer, J. Submitted April 5, 1916. (Docket No. 16.) Decided December 21, 1916. Rehearing denied April 19, 1917.

Case by Minnie Horowitz against Euphemia Blay, Isaac L. Polozker, Desire B. De Coster, and Norval Wardrop for injuries to a stock of merchandise. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Donnelly, Lyster, Brennan & Munro*, for appellant.

*Louis C. Wagner*, for appellee Polozker.

*Charles H. Hatch*, for appellees De Coster and Wardrop.

This is an action brought to recover damages for injuries to a stock of shoes caused by the falling of the wall of the building in which they were stored. This building was a two-story brick standing on the south side of Gratiot avenue, in the city of Detroit. Plaintiff was in possession as tenant of a Mrs. Blay, and occupied the first story as a shoe store and the second story as a residence for herself and her family. The building extended back from the street about 60 feet, and the easterly wall, which fell, came to the

easterly line of Mrs. Blay's lot. There was no basement to the building, and its foundation walls extended only about 3 feet below the surface of the ground. Dr. Polozker owned the lot adjoining Mrs. Blay's on the east, and at the time of the accident his lot was being excavated for the purpose of erecting a building upon it. The excavation had been going on for some time before the occurrence of the accident, which took place on the 29th day of April, 1912. That was on a Monday, and the first appearance of any cracking in the easterly wall of the building occupied by plaintiff was on the afternoon of the preceding Friday. During the forenoon of the next day, Saturday, Mr. De Coster, Dr. Polozker's contractor, caused the northerly end of the wall to be shored up for a distance of about 12 feet from the street line. At that time the ground had been removed from the entire front end of Dr. Polozker's lot to a depth of 7 or 8 feet and for a distance of some 20 feet back from its northerly line. From that point the excavation gradually sloped to the surface of the ground. Upon the shoring up of its northerly end the cracking of the wall ceased, and was not renewed until about 8 o'clock on Sunday evening. During that period all of the parties seemed to have considered the building fairly safe. A fall of rain began on Sunday afternoon, and continued for about 20 hours. On the morning of Monday, the 29th, the cracks in the front part of the wall were found to be considerably wider than they had been on Saturday, and other cracks had appeared further to the south above that part of the foundation next to which some ground had been excavated on that day. During the afternoon of Monday a large body of bricks fell from the wall above the surface line of the ground and next to the excavation last mentioned. Shortly after that most of the wall that had not been shored up came down. In falling it inflicted considerable injury

upon plaintiff's stock of shoes on the first floor of the building, and she brings this action against Dr. Polozker, as owner of the lot which was being excavated, against Mr. Wardrop, his architect, and against Mr. De Coster, who had the contract for the erection of the building for Dr. Polozker, attributing the injury to their negligence in making the excavation. Mrs. Blay, the owner of the building occupied by plaintiff, was originally joined as defendant, but at the beginning of the trial the cause was discontinued as against her. At the close of plaintiff's proofs it was the opinion of the trial court that she had failed to maintain the charge of negligence, but that, if negligence had been shown, it was the negligence of one Raymond, an independent contractor, to whom De Coster had sublet that portion of the work, and therefore not imputable to defendants. For these reasons a verdict was directed against the plaintiff, and she brings the case to this court by writ of error.

PERSON, J. (*after stating the facts*). Unless it has been shown that the injury to the building occupied by plaintiff is chargeable to some fault on the part of the excavators, it is, of course, unnecessary to determine whether Raymond, who had charge of the work, was an independent contractor or not.

It appears from the record that Dr. Polozker desired to erect a building upon his lot with a basement of the ordinary depth and character. It was a legitimate object. And in the accomplishment of his purpose he or his employees had the undoubted right to excavate the entire width of his lot, without incurring liability for injury to the adjoining building, unless, in the prosecution of the work, some duty to the owner or occupant of the building was violated. The mere fact that the excavation caused the wall of the building to fall does not establish such liability. *Ward* v. *Andrews*, 3 Mo. App. 275.

It is clearly shown by the testimony of plaintiff's witness Decker that the wall which fell should have been underpinned as a protection against the consequences of the excavation. And it is claimed by plaintiff that the duty of constructing such underpinning rested upon those making the excavation. In this she is mistaken. There is no evidence that the ground under the wall would have given way except for the weight of the building resting upon it. It was a clay soil, and held its place on all other sides of the excavation. By placing the wall of her building upon the line with a three-foot foundation under it the adjacent owner could not impose upon Dr. Polozker, or his employees, the burden of supporting it by an underpinning before making use of his own lot. *Gildersleeve* v. *Hammond*, 109 Mich. 431 (67 N. W. 519, 33 L. R. A. 46) ; *Hemsworth* v. *Cushing*, 115 Mich. 92 (72 N. W. 1108) ; *Bissell* v. *Ford*, 176 Mich. 64 (141 N. W. 860). Plaintiff, as occupant of the building, saw the work of excavating proceed day by day without taking any steps to protect her goods from possible injury. And it is to be assumed that the owner of the fee also knew that the excavation was in progress; for, if she did not, and those responsible for the excavation were guilty of any negligence in failing to notify her, the burden of proving such negligence rested on the plaintiff just the same as the burden of proving any other negligence.

It was also shown that the excavators permitted water from the mains in the street to run into and accumulate in the excavation. If there had been evidence to connect such accumulation of water with the falling of the wall, it might have amounted to proof of negligence; for, although the excavators were not required to furnish the labor and sustain the expense of constructing supports for the wall, yet they were

bound to conduct the work of excavation with such ordinary care and skill as to avoid unnecessary injury to the building. *Bissell* v. *Ford, supra; Larson* v. *Railway Co.*, 110 Mo. 234 (19 S. W. 416, 16 L. R. A. 330, 33 Am. St. Rep. 439). But the evidence does not show the depth of the water next to the ground under the wall, nor that any of the ground in that vicinity was softened or gave way, before the wall fell. In fact, the part of the wall that first came down was to the south of the deeper part of the excavation.

These are the only specific acts of alleged negligence shown by the testimony. At the close of his proofs counsel for plaintiff did say:

"We have witnesses here in court, and we now offer to produce them and produce testimony to the effect that the men actually in charge of the excavation on the premises were incompetent, inefficient, and negligent, and were a large part of the time decidedly under the influence of alcohol."

This offer was not sufficiently definite as to acts of negligence to make its rejection erroneous. It did not give the court any information as to the facts plaintiff could prove bearing upon negligence, but simply stated counsel's opinion as to their legal effect. If the proofs had been received, it might have transpired that counsel was mistaken, and that they had no tendency to show negligence, or that the negligence shown had no relation to the injury. This court cannot justly reverse a case because of the exclusion of testimony unless it is able to see that the testimony, if it had been received, might have changed the result.

Plaintiff having failed to show any negligence on the part of those making the excavation that contributed to her injury, the other questions raised become immaterial, and the judgment will be affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.