SPECK *v.* COUNTY OF WAYNE.

1. MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS—DAMAGES CAUSED BY CHANGE OF GRADE.

> In the absence of constitutional or statutory provisions therefor, there may be no recovery for damages to property caused by change of grade in a street or highway.

2. BRIDGES—STATUTE UNDER WHICH BRIDGE CONSTRUCTED — DAMAGES CAUSED BY CHANGE OF GRADE.

> Where the board of supervisors commenced proceedings for the construction of a bridge under Act No. 398, Pub. Acts 1919, but later changed and proceeded under the county road law (1 Comp. Laws 1915, § 4347 *et seq.*, and § 2306 *et seq.*), the bridge was not constructed under said Act No. 398, and therefore its provisions entitling property owners to damages caused by change of grade were not applicable.

3. STATUTES—APPLICABLE TO WAYNE COUNTY ONLY NOT GENERAL —BRIDGES—HIGHWAYS AND STREETS.

> Since the purpose of Act No. 398, Pub. Acts 1919, is to make the provisions of the Covert act relating to the construction of highways applicable to the building of bridges in Wayne county only, it is not a general law, and, therefore, section 14 of said act may not be construed generally as giving a right of recovery to any one damaged through the construction of bridges over navigable streams.

4. SAME—CONSTRUCTION OF STATUTE—STATUTE IN DEROGATION OF COMMON LAW MAY NOT BE EXTENDED BY IMPLICATION.

> Since the provision in section 14, Act No. 398, Pub. Acts 1919, for damages caused to property by change of grade in a highway in the construction of bridges over navigable streams in Wayne county creates a liability unknown to the common law, it may not be extended by implication.

Error to Wayne; Collingwood (Charles B.), J., presiding.    Submitted December 16, 1926.    (Docket No. 135.)    Decided January 3, 1927.

[1]Eminent Domain, 20 C. J. § 153; 68 L. R. A. 699; 1 L. R. A. (N. S.) 129; 7 A. L. R. 806; 38 A. L. R. 19; 44 A. L. R. 1494; 13 R. C. L. 100; 3 R. C. L. Supp. 13; 6 R. C. L. Supp. 749; [2]Bridges, 9 C. J. § 10; [3]Id., 9 C. J. § 10; [4]Statutes, 36 Cyc. p. 1179.

Case by Bertha Speck against the county of Wayne, under Act No. 398, Pub. Acts 1919, for damage to property caused by the raising of a grade in the erection of a bridge. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Robert M. Toms,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for appellant.

*Benjamin S. Pagel,* for appellee.

SHARPE, C. J. Plaintiff brought this action to recover damages sustained by her in the lessening of the value of her property, caused by the raising of the grade in the construction of a new bridge over the River Rouge at Fort street west in the city of Detroit. Her right to recover is based on the provision therefor in section 14 of Act No. 398, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4747 [42]). Defendant insisted that the proceedings to construct the bridge were not taken under this act. The trial court expressed doubt as to the applicability of the statute to the facts presented, but concluded to so hold and submitted the question of plaintiff's damage to the jury, who awarded her $7,525. The defendant reviews the judgment entered on the verdict by writ of error.

The rule is well established in this State that, in the absence of constitutional or statutory provisions therefor, there can be no recovery for damages to property caused by the change of a grade in a street or highway. *City of Pontiac* v. *Carter,* 32 Mich. 164; *Cummings* v. *Dixon,* 139 Mich. 269; *City of Detroit* v. *Railway,* 163 Mich. 229; *Labadie* v. *Village of Ford,* 185 Mich. 402. The question here presented is whether the new bridge was constructed pursuant to the provisions of said Act No. 398.

On September 26, 1919, the common council of the city of Detroit adopted the following resolution:

"Resolved further, that the corporation counsel be and he hereby is authorized and directed to prepare, sign and file with the board of supervisors of Wayne county, on behalf of this body, the necessary petition for the reconstruction of the bridge over River Rouge at Fort street west under the provisions of Act No. 398 of the Public Acts of Michigan for 1919, whereon such highway may be continued as an avenue of public travel between points upon opposite sides of such water or stream."

On the filing of the petition with the board of supervisors, it adopted a resolution which, after recitals, reads:

"Therefore be it resolved that the board of supervisors of the county of Wayne hereby authorize the construction of a bridge of the bascule type to be constructed over the River Rouge where said river intersects with Fort street west, and the board of county road commissioners is hereby authorized and directed to cause to be prepared all necessary surveys and to secure appropriate plans and specifications and to do all things necessary to construct said bridge."

Thereafter the board of county road commissioners extended its jurisdiction to include the highway at each end of and across the bridge then existing, and adopted a resolution providing for contracting the indebtedness for the construction of the new bridge. These proceedings were taken under Act No. 398.

At this point in the proceedings, the question of raising the money by bonding was considered. The then prosecuting attorney of the county asked for an opinion from John C. Thomson, of New York, an expert in such matters. His answer, under date of August 27, 1920, appears in the record. He called attention to the fact that the provisions of Act No. 398 "for the borrowing of money and the issuance of bonds are imported into the act by a reference to"

certain sections of what is known as the Covert act
(1 Comp. Laws 1915, § 4684 *et seq.*), as amended and
supplemented by Act No. 125, Pub. Acts 1917 (Comp.
Laws Supp. 1922, § 4684 *et seq.*), expressed doubt
as to the security afforded by such bonds, and advised
that it was not desirable to proceed thereunder.     He
recommended that the proceeding be taken under the
county road law, 1 Comp. Laws 1915, § 4347 *et seq.*,
and Act No. 28 of the Public Acts of 1911 (1 Comp.
Laws 1915, § 2306 *et seq.*), "if it is possible to comply
with the provisions of both acts in the same proceed-
ing."     The records of the county road commission,
under date of September 3d, contain the following:

"In accordance with the recommendation of Mr.
Thomson, it was decided to proceed with the bond
issue for the construction of the River Rouge bridges
at Fort street and West Jefferson avenue under the
bond act of 1911 and the county road law."

Later, a proposition to bond the county to raise
money to build the bridge was submitted to the voters
and approved by them at an election held on November
2, 1920.     The bonds were sold, and the bridge was
thereafter built at a cost of about $1,000,000.

We are not here concerned with the regularity of
the proceedings under which the bonds were issued
and the bridge built.     It is apparent that it was not
constructed pursuant to the provisions of Act No.
398.

Plaintiff's counsel, however, contends that this act
is a general one, and should be treated as an amend-
ment to the general highway law in so far as it is
applicable, and that section 14 thereof "gives a right
of recovery to any one damaged through the construc-
tion of the bridge over navigable streams."     The pur-
pose of this act is to make the provisions of what is
known as the Covert act, relating to the construction
of highways, applicable to the building of bridges.     It

applies only to counties having a population of 400,000 or more.    The county of Wayne alone is affected by it.    Neither the title to the act nor any of its provisions contain any indication of an intent to amend the general highway law.    The provision for damages in section 14 creates a liability unknown to the common law.    It cannot be extended by implication.

The judgment is reversed and set aside, with costs to appellant.    As under the facts presented recovery may not be had by plaintiff, a new trial will not be ordered.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.