ARISTOS v. DETROIT & CANADA TUNNEL CO.

1. ADJOINING LANDOWNERS—EXCAVATION—COMMON-LAW LIABILITY.
Under common law, one excavating on his own land is bound, as to lateral support, to protect soil on neighboring lot in its natural state, but he is not required to provide support for added weight of buildings erected thereon.

2. STATUTES—CONSTRUCTION.
Statute in derogation of common law should be strictly construed.

3. ADJOINING LANDOWNERS—EXCAVATION—STATUTES—LIABILITY FOR EXCAVATION IN STREET.
Act No. 314, Pub. Acts 1921 (3 Comp. Laws 1929, §§ 13500–13503), providing, upon excavation being made, for furnishing lateral and subjacent support to adjoining land, and fixing remedy for violation thereof, is applicable only to privately-owned land abutting on street, and not to street itself, and therefore licensees of city excavating in street for tunnel are not liable thereunder.

As to liability for removal of lateral or subjacent support of land in its natural condition, see annotation in 68 L. R. A. 673.

4. APPEAL AND ERROR—ADJOINING LANDOWNERS—EXCAVATIONS—
   QUESTIONS REVIEWABLE.
   Where plaintiffs did not appeal from finding of trial court that
   they were not entitled to recover, under common-law count,
   for defendants' negligence in excavating in street adjoining
   plaintiffs' property, question is not reviewable, on defend-
   ants' appeal from finding that they were liable under stat-
   ute, on record which does not contain testimony taken in trial
   court.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted January 7, 1932. (Docket No. 60, Calendar
No. 36,083.) Decided June 6, 1932. Rehearing de-
nied September 15, 1932. Denial of rehearing modi-
fied to allow motion for delayed appeal October 5,
1932.

Case by James Aristos and others against Detroit
& Canada Tunnel Company, a Michigan corporation,
and others for loss of lateral and subjacent support
to real estate. Judgment for plaintiffs. Defendants
appeal. Reversed, and judgment ordered entered
for defendants.

*Slyfield, Hartman & Mercer,* for plaintiffs.

*Vandeveer & Vandeveer* (*Warren, Hill & Hamb-
len* and *Charles E. Lewis,* of counsel), for defend-
ants Detroit & Canada Tunnel Company and Park-
lap Construction Company.

*Stevens T. Mason,* for defendant Mark R. Hanna
Company.

*Frederick B. Brown,* for defendants Northern
Construction Company and J. W. Stewart & Welch,
Inc.

NORTH, J. In September, 1927, the common coun-
cil of the city of Detroit enacted an ordinance per-
mitting the Detroit & Canada Tunnel Company (for-

merly the Detroit-Ontario Subways, Inc., and hereinafter called the Tunnel Company) to construct, maintain, and operate an international tunnel and approaches thereto for vehicular travel between Detroit, Michigan, and Windsor, Ontario. The portion of the tunnel with which we are concerned was constructed in Randolph street in the city of Detroit. Plaintiffs were lessees of the St. Lawrence Hotel located at the corner of Atwater and Randolph streets, under a lease expiring June 19, 1931. In this building, which was four stories high, plaintiffs operated a hotel, a restaurant and lunch room, and subrented two portions in which stores were conducted. The excavating and tunneling of defendants in Randolph street extended in front of plaintiffs' property; and they allege that defendants' failure to provide the hotel property with sufficient lateral and subjacent support resulted in damaging the building and rendering it unsafe for occupancy, that the means of ingress and egress to plaintiffs' property were greatly impaired by defendants, and plaintiffs in consequence suffered loss of trade and income. In this suit they seek to recover loss of profits and for losses incurred incident to operating expenses prior to May, 1930, at which time the building was found to be in such a dangerous condition that it was ordered demolished by the Detroit department of buildings.

Plaintiffs' declaration contains two counts: the first based upon Act No. 314, Pub. Acts 1921 (3 Comp. Laws 1929, §§ 13500–13503), and the second alleges the withdrawal of lateral support and negligence in the method of excavating and underpinning resulting in damage to plaintiffs' leasehold, for which recovery is sought on the theory of common-law liability. The trial judge in determining plain-

tiffs were not entitled to recover on the second count said:

"Before he can recover, the plaintiff must prove by a preponderance of the evidence that careless excavating was done which resulted in his damage. The court is unable to find from the proofs that such was the case."

Act No. 314, Pub. Acts 1921 (3 Comp. Laws 1929, §§ 13500–13503), relied upon in the first count of plaintiffs' declaration, in part reads:

"Section 1. It shall be the duty of every person, partnership or corporation who excavate upon land owned or occupied by them to a depth exceeding twelve feet below the established grade of a street or highway upon which such land abuts or, if there be no such established grade, below the surface of the adjoining land, to furnish sufficient lateral and subjacent support to the adjoining land to protect said land and all structures thereon from injury due to the removed material in its natural state, or due to the disturbance of other existing conditions caused by such excavation.

"Sec. 2. Such owner or occupants shall be liable to the proper person entitled to sue therefor, for the actual damage to land and structures and any other resulting damages, arising from failure to fulfil the duty created by this act. They shall also be liable to occupants or tenants of such land or structures for damage to their property or business proximately resulting from injury to such land or structures caused by their failure to fulfil said duty."

Upon trial before the circuit judge without a jury, plaintiffs had judgment for $9,506. The Tunnel Company and the other defendants who were contractors or subcontractors have appealed. Among the defenses urged in the trial court and also urged

in this court are:  (1) The statute above quoted is unconstitutional; and (2) even if the act is valid, it does not apply to excavations made by the city or its licensees in a public street.  If the second contention is well founded it becomes unimportant, for the purposes of this case, to pass upon the constitutionality of the act.  While statutes or ordinances of similar purport will be found in the many States, as might be expected, they vary in terms; and therefore an adjudication of the exact question before us cannot be found.  But courts of other States have passed upon the question as to whether statutes couched in somewhat similar terms are applicable only to private owners of adjoining parcels of land, and therefore inapplicable to operations carried on by municipalities or licensees in a public street.

In arriving at a proper construction of this statute, it must be borne in mind that it is in derogation of the common law under which one excavating on his own land is bound as to lateral support to protect the soil on the neighboring lot in its natural state, but he is not required to provide support for the added weight of buildings erected thereon. *Hemsworth* v. *Cushing,* 115 Mich. 92; *Bissell* v. *Ford,* 176 Mich. 64; *Horowitz* v. *Blay,* 193 Mich. 493; *Collias* v. *Detroit, etc., Loan Association,* 220 Mich. 207. Legislation of this type has been characterized as a radical departure from the common law.  *Hirschberg* v. *Flusser,* 91 N. J. Law, 66 (102 Atl. 353).  Being in derogation of the common law the statute should be strictly construed.

It is urged by appellants that the phraseology of the statute itself precludes the idea of its being applicable to excavations in streets.  It applies only to excavations the depth of which exceed 12 feet ''below the established grade of a street or highway

upon which *such* land abuts." From the wording of the statute and the obvious purpose of its enactment the conclusion is almost inescapable that the legislature had in mind only such excavations as were on land abutting a street, and therefore not land included within the street itself. The contention is thus stated in one of appellants' briefs:

"The intention was undoubtedly to extend the common-law rule as between private owners of city lots, so that one owner who makes a deep excavation must protect his neighbor's building as well as his soil. * * * There is nothing in the statute which plainly and expressly shows an intention to change the existing law so far as public streets are concerned, and nothing can be added to the statute by implication." Citing *Speck* v. *County of Wayne,* 237 Mich. 202.

It is further urged by appellants that, unless the terms of the statute clearly include municipalities and impose the statutory liability on them and their licensees incident to street excavations, it should be held that such municipalities and their licensees are not included within its provisions.

"It is the prerogative of the State to be exempt from coercion by suit except by its own consent. * * * The remedy, therefore, for consequential injury resulting from the State's actions through its agents, if there be any, must be that and that only which the legislature shall give. It does not exist at common law." Citing *Northern Transportation Co.* v. *Chicago,* 99 U. S. 635.

In passing upon somewhat similar statutory provisions, it has been held in both New York and Ohio that they are not applicable to excavations made in public streets. The New York statute reads:

"SECTION 474. Whenever excavations for building or other purposes, on any lot or piece of land in

the city of New York, shall be intended to be carried to the depth of more than ten feet below the curb, at a place where there is any party or other wall wholly or partly on adjoining land and standing upon or near the boundary lines of such lot, the person causing such excavations to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced, whether said adjoining wall is down more or less than ten feet below the curb." Laws of New York, 1887, chap. 566.

In *Jencks* v. *Kenny,* 19 N. Y. Supp. 243 (quoting syllabus), it is held:

"The New York consolidation act (quoted above), requiring an owner excavating below 10 feet to protect his neighbor's wall, does not apply to one excavating in a street of New York city under a contract with the municipal authorities."

Again, in *New York Steam Co.* v. *Foundation Co.,* 195 N. Y. 43 (87 N. E. 765, 21 L. R. A. [N. S.] 470), it is said:

"Nor is the defendant liable because it violated any duty imposed on it by statute or ordinance, such as the building code, which  *  *  *  applies to adjacent property under private ownership, and has no application to excavations in a public street."

In the above case each of the parties was exercising proprietary rights in a public street; and following the above-quoted portion of the opinion the court added:

"The rights of the parties are not controlled by the common-law doctrine of lateral support, as thus

far applied by the courts. That doctrine is limited to adjacent lands under private ownership, except that, while it requires the adjacent landowner to preserve the lateral support to a public highway, it does not require the municipality owning the highway to preserve the lateral support to the adjacent land. *Village of Haverstraw* v. *Eckerson,* 192 N. Y. 54 (84 N. E. 578, 20 L. R. A. [N. S.] 287); *Radcliff's Ex'rs* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 195 (53 Am. Dec. 357)."

In a later New York decision it was again held, quoting syllabus:

"Section 22 of the building code of the city of New York, as then in force, requiring a person causing an excavation to be made on a lot in said city, to a depth of more than ten feet, to protect buildings on an adjacent lot, and the like statutory provisions on which it is based relate only to excavations on lots and do not apply to excavations in a public street." *Susswein* v. *Bradley Contracting Co.,* 184 App. Div. 852 (172 N. Y. Supp. 652).

In *Brinkmeier* v. *City of Cincinnati,* 20 Ohio N. P. 346, the court said:

"On the part of the plaintiff it is contended that apart from negligence, in the absence of any proof of negligence, the plaintiff is entitled to recover by virtue of General Code, § 3782, which provides that if 'the owner or possessor of any lot of (or) land in any municipality digs * * * to a greater depth than nine feet below the grade of the street or streets on which said lot or land abuts or * * * below the established grade of the street * * * and by said excavation causes any damage to any wall, house or other building upon the lots adjoining thereto, such owner or possessor shall be liable in a civil action to the party injured to the full amount of such damage.' It is the contention that the city is the owner

of its streets and that as such is liable to an abutting owner for damage arising from an excavation deeper than nine feet.

"However, a careful reading of the entire statute convinces me that the legislative intent was not to include a municipal corporation as to its ownership of the streets themselves. Reference is clearly had to a lot abutting on a street, and it seems to me to require a very forced construction to include in the foregoing phrase the street itself."

We think it is equally plain that a careful reading of the Michigan statute forces the conclusion that the legislature intended it to apply only to privately-owned land abutting on a street and not to the street itself; and to sustain plaintiffs' contention that it also includes land within the street necessitates resorting to a forced and strained construction. The only remedy open to plaintiffs was their common-law right of action to recover for damages, if any, to their property proximately caused by defendants' negligence. The trial judge found no negligence established; and plaintiffs have not appealed from this determination. It is not reviewable on a record, which like that before us, does not contain the testimony taken in the circuit court.

The judgment is reversed, and the cause remanded, with direction to enter judgment for defendants. Costs to appellants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.