No. 16,703.

Colorado Fuel and Iron Corporation
*v.* Salardino et al.
(245 P. [2d] 461)

Decided June 2, 1952.

Messrs. JANUARY & YEGGE, Mr. E. M. EAGLETON, for plaintiff in error.

Mr. EDWIN H. STINEMEYER, Mr. FRANK G. STINEMEYER, Mr. WILLIAM R. STINEMEYER, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

GUS SALARDINO and Charles Salardino, plaintiffs below, defendants in error here, brought an action against Colorado Fuel and Iron Corporation, defendant below and appearing here as plaintiff in error, to recover for damages to improvements on certain lands owned by plaintiffs in Fremont county, Colorado. Upon trial a verdict was returned in favor of plaintiffs in the sum of $8,968.75, upon which judgment was entered. Defendant brings the case here by writ of error seeking a reversal of the judgment.

We will herein refer to the parties as plaintiffs and defendant as they appeared in the trial court.

In the complaint it is alleged that plaintiffs are the owners of certain lots with valuable improvements

thereon together with lawns, trees, shrubs, walks and parkings used in connection therewith. It is further alleged that defendant is the owner of the coal deposits underlying plaintiffs' premises and is engaged in mining and removing the coal "under or adjacent to said land of plaintiffs'"; that defendant, in the removal of the coal, has performed the same in "a careless, wrongful and negligent manner" resulting in a subsidence of plaintiffs' land and building together with the walks, curbings and approaches thereon, to their damage in the sum of $7,500.00, for which judgment is prayed. By amended complaint the damages are alleged to have been $15,000.00.

Defendant for answer specifically denied all negligence on its part and further alleged two affirmative defenses: First, that it was the owner of the mining rights within the vicinity of plaintiffs' property, and its acts in removing coal therefrom were lawful and legal; and, second, that plaintiffs' improvements were placed upon its surface property with full knowledge of defendant's right to mine and remove the coal adjacent to or underlying the same, and by so doing they assumed the risk of damage to their property.

Motion for new trial was filed, based, among other grounds, upon the following: 1. Insufficiency of the evidence of negligence to permit the case to go to the jury and failure to direct a verdict because of the insufficiency thereof; 2. the instruction to which objection was interposed fixing defendant's liability as absolute, thus instructing that negligence need not be proven by plaintiffs; 3. instructions given and refused. The motion for new trial was denied.

The evidence introduced, consisting of more than 900 folios, together with about fifty exhibits, discloses that defendant's coal mining operations were conducted at about eighty feet below the surface of the territory in the vicinity of plaintiffs' property, and underground

workings were approximately to plaintiffs' lot lines extended vertically. On the evening of December 11, 1948, a subsidence occurred in plaintiffs' property while the buildings thereon were occupied by about 100 people. The subsidence resulted in damage to the building by cracks of various sizes in the walls and foundation thereof and a disturbance of the surface of the land. There is no direct evidence concerning any damages occurring by reason of the subsidence of the surface of plaintiffs' lots from their natural condition, but all evidence introduced is with reference to the damages to the structure placed thereon by plaintiffs, resulting from the subsidence.

Our consideration of the questions involved is made extremely difficult by reason of the fact that the only map introduced for the purpose of disclosing defendant's underground workings has no identification marks indicating the points or parts thereof to which the testimony of witnesses was directed. We note that a witness was called for "cross-examination under the statute" to testify with reference to the exhibit which constituted the map of defendant's underground workings and the surface above the same. In nineteen pages of the record we find that in the questions or answers of the witness the words "here" or "there" were used more than eighty times without any indication whatever on the exhibit identifying the points to which the attorney or the witness were referring. The exhibit is wholly useless to us in connection with this review.

The only specifications of points which we consider it necessary to determine are those involving the instructions given by the trial judge. There were four instructions tendered by defendant, all of which the court refused to give, and defendant objected to five instructions given. It is sufficient to say that in the four instructions tendered the question of negligence was involved, and in the five instructions given over objection the question of negligence was not mentioned, and neither "negli-

gence" nor any word of similar import is to be found in any of the court's instructions.

The first instruction given by the trial court and to which defendant's counsel objected, reads:

"You are instructed that in this case the Plaintiffs seek to recover damages for injuries which they claim resulted *to their building* by reason of a subsidence which occured in the mine of the defendant under the general area in which plaintiffs' *building* is situate. Plaintiffs claim that the injuries which they have shown to their *building* or which they allege occurred to their building resulted from no other cause than that of the subsidence; they claim that they are entitled to surface support and that the acts of the defendant have deprived them of the surface support to which they are entitled.

\* \* \*

"Accordingly, if you find that damage has occurred to *plaintiffs' building* at the time and since the subsidence in defendant's mine and up to the date of this trial and you further find that the damage shown was caused by no other cause than the subsidence in defendant's mine, *then you must find the issues in favor of the plaintiffs and award damages to plaintiffs upon the basis stated in further instructions on that subject.*" (Italics supplied.)

To this instruction defendant interposed the following, among other, objections:

"The defendant objects to the giving of Instructions Nos. 1, 2, 3, 4 and 5 for the reason, first, that the plaintiffs' suit was brought upon the theory of the defendant's negligence, which is the theory upon which the defendant appeared and defended the suit, and that plaintiffs have now abandoned that theory and seek to recover on the theory of absolute liability for maintenance of the surface regardless of negligence.

"Second, that the plaintiffs cannot recover in this case without showing by a preponderance of the evidence that the defendant in its mine operation has been guilty

of negligence which is the direct and proximate cause of their damage.

"Third, that the plaintiffs cannot recover in this case without proof of negligence because they have failed to show that the mining operations are sub-adjacent operations, and that the evidence in this case shows that such mining operations were adjacent. .

"The defendant further objects to Instruction No. 4 for the reason that it implies speculative and future damage which might occur to the plaintiffs' property and is not an item of damage that can be recovered in this action.

"The defendant further objects to Instruction No. 5 for the further reason that it does not limit the damages to the amount necessary to restore the structure through repairs.

"And further, that Instructions Nos. 4 and 5 are likely to confuse the jury."

Defendant then offered the following instructions which were refused:

"Defendant's Instruction 1-B

(Refused)

"You are instructed that in order for the plaintiff to recover in this case, the defendant must be found to have been guilty of negligence as defined in these instructions, and such negligence must have been the proximate cause of the damage.

"Defendant's Instruction 1-C

(Refused)

"You are instructed that the Defendant, as owner of the coal adjacent to and underlining Plaintiffs' building and property, may lawfully mine the same, where adjacent to or underneath the Plaintiffs' property; and, in the absence of negligence, the Defendant is not liable for any damages sustained by Plaintiffs through such mining operations.

"Defendant's Instruction 1-D

(Refused)

"You are instructed that the fact that Plaintiffs' property may have been damaged as the result of the mining operations of the defendant, is not sufficient in itself to establish liability against the defendant, but the plaintiff has the burden of proving by a preponderance of the evidence, that the mining operations of the defendant were done in an unskillful and negligent manner as negligence is defined in these instructions. If the mining operations carried on by the defendant were done in the manner required by law and standard practices were employed to provide support for adjacent property, but such damage was caused by unforeseen conditions and without negligence on the part of the defendant, then your verdict must be for the defendant."

■ The instructions of the trial court placed an absolute liability upon defendant for damages resulting from subsidence of the surface in its natural state as well as the structures created thereon. While it is true that we are here concerned with subjacent support only, nevertheless the authorities hereinafter cited are in accord that one who disturbs the surface in its natural state by the removal of either subjacent or lateral support is liable for the damages resulting therefrom without proof of negligence. We have called attention to the fact that plaintiffs' only evidence of damages resulting from the subsidence of their land was directed to the structure on the premises and not to the land in its natural state.

■ The general rule of law, supported by the great weight of authority, is that the owner of the surface is entitled to have his land remain in its natural state, both laterally and subjacently. This is his proprietary right, and neither the owner of the surface nor the owner of the subjacent rights can lawfully destroy, interfere or damage the right of the other.

■■ We find it to be a general rule of law that the owner of the surface rights who is damaged by the re-

moval of subjacent or lateral support, is entitled to recover for any damages to the structure on the surface if it is established by a preponderance of the evidence that the damage was the result of lack of due exercise of care or skill or negligence on the part of the lateral or subjacent owner. In order to recover for damages to a structure on the surface occasioned by the removal of lateral or subjacent support, the crux of the action is negligence. *Thurston v. Hancock*, 12 Mass. 220; *Covell v. Sioux City*, 224 Ia. 1060, 277 N.W. 447; *Triulzi v. Costa*, 296 Mass. 24, 4 N.E. (2d) 617; *Corcoran v. S. S. Kresge Co.*, 313 Mass. 299, 47 N.E. (2d) 257; *Home Brewing Co. v. Thomas Colliery Co.*, 274 Pa. 56, 117 Atl. 542; *In re Locust Street Subway*, 117 Pa. Sup. 86, 177 Atl. 599; *Wolcott v. State*, 99 N.Y.S. (2d) 448; *Gilmore v. Driscoll*, 122 Mass. 199; *Momeier v. Koebig* (S.C.), 66 S.E. (2d) 465; *Law v. Phillips* (W. Va.), 68 S.E. (2d) 452; *Welsh Mfg. Co. v. Fitzpatrick*, 61 R.I. 359, 200 Atl. 981; *Coward v. Fleming*, 89 Ohio App. 485, 102 N.E. (2d) 850; *Moore v. Anderson*, 28 Del. 477, 94 Atl. 771; *Horowitz v. Blay*, 193 Mich. 493, 160 N.W. 438; *Miller v. State*, 98 N.Y.S. (2d) 643; *Mullan v. Hacker*, 187 Md. 261, 49 A. (2d) 640; *Truscott v. Peterson* (N.D.), 50 N.W. (2d) 245; *Walker v. Strosnider*, 67 W. Va. 39, 67 S.E. 1087; *S. H. Kress Co. v. Bullock Shoes Co.*, 56 F. (2d) 713; *Neyman v. Pincus*, 82 Mont. 467, 267 Pac. 805; *Western Coal & Mining Co. v. Randolph*, 191 Ark. 1115, 89 S.W. (2d) 741; *McDaniel Bros. v. Wilson* (Tex.), 45 S.W. (2d) 293; *Transportation Co. v. Chicago*, 99 U. S. 635, 25 L. Ed. 336; *Paris Purity Coal Co. v. Pendergrass*, 193 Ark. 1031, 104 S.W. (2d) 455; *Ceffarelli v. Landino*, 82 Conn. 126, 72 Atl. 564; 50 A.L.R., p. 499; 59 A.L.R., p. 1252; 2 C.J.S., p. 18, et seq., §17; 58 C.J.S., p. 782, §§277, 278; 1 Am. Jur., pp. 519, 531, §§22, 46; 36 Am. Jur., p. 407, §186; 2 Snyder on Mines, p. 861, §1021, p. 865, §1025; 3 Lindley on Mines (3d ed.), p. 2014, §820; Washburn on Easements and Servitudes (4th ed.), p. 582; 2 Thompson on Real Property (Per. Ed.),

pp. 220, 232, 234, §§606, 613, 614; 3 Tiffany, Real Property (3d ed.), p. 190, §753; 3 Cooley on Torts, p. 158, §427; 4 Sutherland, Damages (4th ed.), p. 3916, §1053; 1 Wood on Nuisances (3d ed.), p. 235, §192.

Counsel for plaintiffs state that in this jurisdiction we have held that the right to both lateral and subjacent support has been recognized for many years as an absolute right which extends not only to the surface in its natural condition but to structures erected thereon. In support of their position our attention is called to the decisions in *Campbell v. Louisville Coal Mining Co.*, 39 Colo. 379, 89 Pac. 767; *Burt v. Rocky Mountain Fuel Co.*, 71 Colo. 205, 205 Pac. 741; *Barker v. Mintz*, 73 Colo. 262, 215 Pac. 534, and *Evans Fuel Co. v. Leyda*, 77 Colo. 356, 236 Pac. 1023. We have examined and considered the record in each of these cases and do not find their holdings different from the general applicable rule.

In *Campbell v. Louisville Coal Mining Co.*, *supra*, according to the record, the plaintiff alleged that defendant, in connection with its operations in removing coal from underneath her premises "did unlawfully, wilfully and in a careless, negligent and improper manner mine" the coal, and removed all the pillars in said mine, thereby permitting the surface to subside. The trial court directed a verdict in favor of defendant. We therein said: "Removing the coal without leaving any supports whatever or substituting artificial supports was negligence. This negligence caused the surface to subside, and damaged the plaintiff's improvements." The judgment therein pronounced was one of reversal and the cause was remanded for further proceedings not inconsistent with the views expressed in the opinion.

In *Burt v. Rocky Mountain Fuel Co.*, *supra*, the suit was for damages for the subsidence of plaintiff's lot which was alleged to have been caused by underground mining by the defendants. Plaintiff was nonsuited. The two grounds upon which the nonsuit was granted set

forth a reservation of the right to mine and a waiver of damages, and that defendant did not mine under or near enough to plaintiff's lot to cause any subsidence. In the opinion our court said: "It is conceded that unless there be contract, express or implied, the owner of the coal only, when he removes it, must leave support enough to hold up the surface."

From the record we find from the complaint the following allegations: "Did unlawfully, wilfully and in a careless, negligent and improper manner mine * * * the deposit of coal underneath * * * without leaving sufficient support * * * to maintain the surface thereof in its natural condition and support and maintain the improvement thereon * * *." In that case the record contains evidence of negligence, and error was committed in granting the nonsuit.

*Barker v. Mintz, supra,* was a suit for injunctive relief to restrain defendant from "strip" mining on plaintiff's premises. We do find in that decision the following: "It is almost universally held that where the ownership of the surface and the mineral is severed, the owner of the mineral may take it out, but must support the surface." As we understand this decision, the judgment of the trial court was reversed because the injunction issued against the "strip" miner was found to be inequitable under the evidence.

In *Evans Fuel Co. v. Leyda, supra,* the allegation in the complaint was that defendant "did * * * in a careless, negligent and improper manner extract, mine, * * * the deposits of coal * * * without leaving sufficient supports to support * * * the lot and premises in original and natural state." Here, too, there was evidence of negligence, but the necessity of instructing thereon was not before the court.

We therein stated: "It is also well established, by the great weight of authority, that the owner of the surface has a right to have the *superincumbent soil supported*

*from below in its natural state,* and that such right is an incident to the ownership of the surface." (Italics supplied.)

Further therein the following from *Campbell v. Louisville Coal Mining Co., supra,* is quoted: "That when the surface of land belongs to one, and the coal thereunder to another, the owner of the coal cannot remove it *without leaving support sufficient to maintain the surface in its natural state."* (Italics supplied.)

██ Consistent with the great weight of authority, we hold that the owner of subjacent rights must so conduct his operations as to leave support sufficient to maintain the surface in its natural state, and for failure so to do he may be liable for damages. However, in order to recover damages to a structure erected on the surface, it is incumbent upon the surface owner to establish by a preponderance of the evidence that the owner of the subjacent rights operated in a reckless, careless or negligent manner resulting in the surface owner's damage.

It is assumed that there was sufficient evidence of negligence to entitle the submission of the case to the jury, notwithstanding which it was incumbent upon the court to properly instruct the jury on the question of negligence, and error was committed in its failure to do so. This failure was not the result of an oversight for instructions on negligence and the duty of the plaintiffs with reference to the proof thereof were requested, and by the trial court refused.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.