The Court finds and concludes on the record before it:

(a) Plaintiff has not shown that defendant was motivated by racial prejudice or because of plaintiff's legitimate civil rights activities.

(b) Plaintiff's layoff claim under 42 U.S.C. § 1981 is barred by the statute of limitations.

(c) The Civil Rights Act does not protect activity which blocks entrance into or from an employer's plant or office.

(d) Defendant's refusal to reemploy plaintiff was based on plaintiff's misconduct, which justified the refusal to rehire.

A judgment will be entered dismissing plaintiff's complaint with prejudice.

**DYNATECH CORP., Plaintiff,**

v.

**FRIGITRONICS, INC., Defendant.**

**No. 13771.**

United States District Court,
D. Connecticut.

July 6, 1970.

Robert A. Cesari, Cesari & McKenna, Boston, Mass., for plaintiff.

Garold E. Bramblett, Jr., Buckles & Bramblett, Stamford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

CLARIE, District Judge.

The defendant, Frigitronics, Inc., has moved the Court to dismiss this action pursuant to Rule 12(b) (1) and (7), Fed. R.Civ.P., for lack of jurisdiction over the subject matter and for failure to join an indispensable party under Rule 19, Fed. R.Civ.P. Counsel for both parties rely upon the exhibits, affidavits, pleadings and all other papers on file in support of their respective positions. The defendant claims that the plaintiff has failed to join certain indispensable parties who own a proprietary interest in said patent, namely, the patentee, Selig Percy Amoils (Amoils) of the Republic of South Africa and the plaintiff's licensor, Spembly Technical Products, Limited, a limited corporation, organized in England (Spembly). The Court finds that Spembly is an indispensable party and orders the action dismissed sixty (60) days after the date hereof, unless an amendment joining said corporation as a party plaintiff is filed in this Court.

The plaintiff claims to be the owner of the right, title, and interest of U.S. Patent No. 3,502,081, by virtue of an exclusive license effective November 1, 1966, from Spembly. The first inventor, Amoils, contracted with Spambly on January 30, 1966 to grant it the sole and exclusive license to manufacture, license the manufacture and sell a certain low-temperature surgical instrument known as "Amoils Cryo-Surgical Unit" for which patent application No. 540,274 had been filed. Subsequently, after the patent had been issued, the patentee executed a licensing agreement supplemented by a deed, thereby granting to Spembly "the sole and exclusive license to manufacture, use and sell and to license others to manufacture, use and sell" the patented item during the subsistence of the letters patent and any renewal thereof. At that time, Spembly represented itself to be the owner of the entire right, title and interest in the pending Amoils' application, and agreed to grant the plaintiff licensee an exclusive, non-transferable indivisible right and license to manufacture, use and sell the Cryo-surgical instrument throughout the territory of North and South America. The plaintiff is now claiming that the defendant is infringing said letters patent and plaintiff's rights thereunder and it seeks both

an injunction and an accounting of damages.

The present motion to dismiss represents that the original patentee, Amoils, and the plaintiff's licensor, Spembly, are both indispensable parties to this action. Their allegations rest on 35 U.S.C. § 281, which prescribes that "(a) patentee shall have remedy by civil action for infringement of his patent;" and 35 U.S.C. § 100, which states, "(t)he word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." The question to be resolved is whether or not the rights retained by the original patentee or its licensee, Spembly, so limited the proprietary rights of the plaintiff, that the latter acquired less than ownership.

■ Since a river cannot rise higher than its source, neither can a licensor transfer to a licensee more than that which it owned. An early Supreme Court decision still defines the classic test.

"In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff." * * *

"Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions. * * * (T)he grant of an exclusive right under the patent within a certain district, which does not include the right to make, and the right to use, and the right to sell, is not a grant of a title in the whole patent-right within the district, and is therefore only a license." Waterman

v. MacKenzie, 138 U.S. 252, 255–256, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891).

After examining the licensing contract from Amoils to Spembly, the Court is satisfied that Spembly acquired by license all of the essential elements which constitute the proprietary assignable interest in the patentee's right, title and interest to the disputed patent. The license deed, which incorporated the licensing agreement by reference, granted to Spembly the sole and exclusive license to manufacture, use and sell and to license others to manufacture, use and sell said item during the lifetime of the patent in the United States, Great Britain, Canada, South Africa, France, Germany, Japan, Australia, The Benelux Countries, Spain, Italy, Sweden, Switzerland, and India, together with additional countries required by Spembly, to be included by written notice on or before February 15, 1966. At Spembly's expense, the patentee also agreed to prosecute not only the original application but also any subsequent corresponding applications for letters patent in other parts of the World and to assist Spembly in developing and exploiting the invention. Furthermore, all future improvements or modifications of the item during its patent life should be deemed as being licensed to Spembly without further consideration, together with any additional letters patent.

■ Amoils did still, however, retain certain incidental controls. These included a minimum annual royalty; a vesting of trademarks at the termination of the agreement; the approval of the design and the standards of construction, as those characteristics might affect the user; and the approval of any publicity or advertising. None of these conditions materially diminished Amoils' assignment of his proprietary interest to Spembly and the Court finds that the original inventor himself is not an indispensable party to this action.

"What purports to be an assignment may be a license only, and the court will examine the 'license' or 'assignment' to determine the legal effect of

the transfer agreement." Hook v. Hook & Ackerman, 187 F.2d 52, 57 (3rd Cir. 1951). See Pope Mfg. Co. v. Gormully & Jeffery Mfg. Co., 144 U.S. 248, 250–251, 12 S.Ct. 641, 36 L.Ed. 423 (1892).

"Ordinarily, a mere licensee of a patent has no right to sue an infringer, and the patent owner is under no duty to do so. An exclusive licensee obviously is in a different situation. One charged with infringement or one charging infringement would ordinarily have the right to bring the owner into the action to prevent another suit on the same alleged wrong." Hook, *supra*, 187 F.2d at 58–59.

Spembly's licensing agreement to the plaintiff in this action does not qualify as an assignment of the proprietary interest received from Amoils. Its retained rights are so substantial that the plaintiff acquired by its license less than ownership of the United States application and patent.

Article VI, § 2 of the plaintiff's license provides that it may be terminated by the licensee effective December 31, 1970 or annually thereafter upon giving Spembly 120 days' notice; the licensee cannot grant sub-licenses except to its own wholly owned subsidiary companies and it may not permit a third party to manufacture for it without Spembly's consent. Counsel further represented at the hearing that Spembly has agreed to share the expense of this litigation. The relationship of the parties is confirmed in defendant's Exhibit #11, a letter dated December 16, 1969, from the plaintiff to the defendant, wherein the plaintiff states:

"As I told you, Spembly owns the Amoils British, U.S. and other patents and patents pending rights by assignment. We are their licensee for the Western Hemisphere on Amoils. We, ourselves, have applied for other patents on improvements."

\*  \*  \*  \*  \*  \*

"Spembly, as the holder of these patents, and licensor to Dynatech, has confirmed their intention to prosecute U.S. infringements of the Amoils U.S. patent. Keeler and Dynatech have agreed to cooperate to the fullest with their time."

"In Waterman v. Mackenzie, 1891, 138 U.S. 252, 256, 11 S.Ct. 334, 34 L. Ed. 923, the Supreme Court said that if a patentee grants an exclusive license for life, limited as to territory, the patentee is not an indispensable party to a suit involving the patent. Here, the limitation is as to time, rather than territory, but if the patentee is not indispensable although he has a present interest which may be territorially very significant, he should not be indispensable when his interest is only a contingent future interest." Hartford National B. & T. Co. v. Henry L. Crowley & Co., 219 F.2d 568, 573 (3rd Cir. 1955).

The Court finds that Spembly's license to the plaintiff did not constitute an assignment of the patent and the plaintiff does not have the right to sue in its name without joining Spembly as a co-plaintiff.

"A court, when it finds it lacks jurisiction for want of an indispensable party, may under appropriate circumstances grant leave to amend and bring in the indispensable party." Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443, 447 (8th Cir. 1965).

The present suit shall be dismissed sixty (60) days after the date hereof, for having failed to join Spembly as an indispensable party, unless the plaintiff, within said period, amends its complaint, so as to join Spembly as a co-plaintiff. So ordered.