525 P.2d 500 (1974)
Orville D. POTTS and Hildegarde H. Potts, Plaintiffs-Appellants,
v.
Sam V. GORDON and Joe V. Gordon, Defendants-Appellees.
No. 73-084.
Colorado Court of Appeals, Div. I.
May 29, 1974.
Rehearing Denied June 18, 1974.
Certiorari Denied September 3, 1974.
*501 Geddes, Sparks & MacDougall, P. C., Colorado Springs, for plaintiffs-appellants.
Murray, Baker & Wendelken, Gerald W. Bennett, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a judgment denying mandatory injunctive relief for the removal of a dirt encroachment on plaintiffs' *502 land, and the restoration of the land to its state prior to the placement of the encroachment.
The events leading up to this lawsuit began with the development of property owned by the defendants which adjoined plaintiffs' land along the latter's western boundary. In its natural state, the drainage of the land was from west to east, i.e., from defendants' land onto the plaintiffs' property. The development consisted of 8 four-plexes laid out in a line from north to south parallel to the plaintiffs' property line.
In anticipation of the increased runoff which would result from the development, plaintiffs' attorney met with one of the defendants and requested that precautions be taken to prevent the discharge of concentrated drainage onto plaintiffs' property. The defendants agreed to place appropriate fill on the development to shift the drainage from west-to-east to south-to-north, thus directing the flow of runoff into an existing storm drain system. Toward the completion of the four-plexes, defendant began the fill for a parking lot lying between the four-plexes and plaintiffs' property line. The fill was designed with a lip on the eastern edge of the parking lot which would prevent the discharge of concentrated drainage runoff onto plaintiffs' property. However, in placing the fill, defendants dumped dirt over and beyond the plaintiffs' property line a distance of twenty to thirty feet. The maximum depth of the fill at the property line was approximately sixteen feet.
Prior to the commencement of this action, defendants sold several of the four-plexes to third parties. The remainder of the lots were sold after the action was filed. Although defendants alleged in their answer that these vendees were "essential and necessary parties" and that no complete adjudication of the issues could be reached without their joinder, none of the purchasers were named as defendants in the lawsuit.
At the close of the first day of trial, the court stated that it would not be able to grant mandatory injunctive relief in the absence of the present owners of the property adjoining plaintiffs' land. After some discussion, plaintiffs moved to join those parties under C.R.C.P. 19(a). However, the trial court refused to rule on the necessity of joining the vendees and denied this motion, apparently on the grounds that to join these parties at this late stage in the case would delay the proceedings to the prejudice of the defendant.
At the close of the evidence, the trial court found that an encroachment on plaintiffs' land did exist; that plaintiffs had requested alternative relief in the form of damages; that they could be compensated fully by an award of damages for the encroachment; and that a separate proceeding to determine damages would be required. However, plaintiffs subsequently dismissed their claims for damages and the trial court entered a final judgment and decree denying mandatory injunctive relief on the grounds that the third parties had not been joined in the proceeding. The court stated that the absentees
"would undoubtedly be entitled to relief in equity to prevent destruction of their property and property rights, and. . . such mandatory injunction, if granted by the court would therefore, be totally ineffective and the court will not grant a writ that in the court's opinion would be ineffectual and unavailing."
The court did grant injunctive relief to prevent any further encroachment on the lands of the plaintiffs and dismissed plaintiffs' claims for damages.
On appeal, plaintiffs contend that the trial court erred in refusing to rule on the necessity of joining the present owners of the land adjoining plaintiffs' property and in failing to grant plaintiffs' motion to join them under C.R.C.P. 19, if such joinder were required. We agree with both contentions.
*503 C.R.C.P. provides for the joinder of "persons needed for just adjudication." It provides as follows:
"(a) Persons to be joined if feasible. A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party." (Emphasis added.)
While the purchasers may not have an absolute right to lateral support because their land is not in its natural state (see generally Colorado Fuel & Iron Corp. v. Salardino, 125 Colo. 516, 245 P.2d 461), they are, nevertheless, parties whose presence is required under C.R.C.P. 19(a). Whatever their rights may ultimately be, they are entitled to be present and participate in any legal proceeding which substantially impairs or impedes their ability to protect those rights. See generally W. Barron & A. Holtzoff, Federal Practice & Procedure § 511 et seq. (Rules ed. 1970 Supp.)
In order to be a person whose joinder is required under C.R.C.P. 19, it is not necessary that the legal relief contemplated purport to be binding on the absent person. Indeed, it is nearly impossible for such a result to obtain under general principles of res judicata. Instead,
"the prejudicial effect of nonjoinder referred to in Rule 19(a) (2) may be practical rather than legal in character.... [J]oinder will be insisted upon if the action might detrimentally affect . . . the absentee's ability to protect his property or to prosecute or defend any subsequent litigation in which he might become involved." (Emphasis added.)
C. Wright & A. Miller, Federal Practice and Procedure § 1604. The mandatory injunctive relief requested in this case has the potential for serious disruption of a purchaser's property and could very likely give rise to further litigation by them to protect their interests.
Plaintiffs rely on Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234, for the proposition that the purchasers were not necessary parties under C.R.C.P. 19. However, there is nothing in that case to indicate any disruption of the defendant's grantee's property comparable to the magnitude of such disruption posed here. The necessity of joinder under this rule must be determined on the facts of each case. C. Wright & A. Miller, supra. Therefore, Woodco is not dispositive.
While we agree with the defendants that the purchasers are persons to be joined under C.R.C.P. 19(a), we disagree with their conclusion that the trial court was free to deny plaintiffs' motion to join them and thus, in effect, leave no alternative but a dismissal of plaintiffs' claim for mandatory injunctive relief.
C.R.C.P. 19(a) is mandatory and requires the trial court to join persons falling within its provisions, if feasible. Bradley v. School Board, D.C., 51 F.R.D. 139; C. Wright & A. Miller, Federal Practice and Procedure § 1604. See also Allied Chemical Corp., v. Strouse, Inc., D.C., 53 F.R.D. 588 (dicta).
While it is true that granting plaintiffs' motion in mid-trial may well have had the effect of requiring a continuance of the action and would have resulted in substantial delay, we find nothing in C.R. C.P. 19 to permit the trial court to deny the motion on those grounds. Joinder is "feasible" under this rule as long as the absentee is subject to service of process; *504 his joinder will not deprive the court of jurisdiction; and he has no valid objection to venue of the court. C. Wright & A. Miller supra. Joinder has even been required under this rule after trial where the issue was first raised on appeal. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936.
In the present case, it may be that this issue could have been ruled on at an earlier stage in the proceedings. However, nothing in the record indicates any attempt by defendants to obtain a definitive ruling on the issue. While an action may be dismissed if plaintiff fails to join the absentee within a reasonable time after a decision by the court that the absentee's presence is required under C.R.C.P. 19, see, e.g., Dynatech Corp. v. Frigitronics, Inc., 318 F. Supp. 851 (D.Conn.), here there was no such ruling by the court. Therefore, the responsibility for the delay in this proceeding cannot be placed solely on the plaintiffs. Plaintiffs' motion to join the absentees under C.R.C.P. 19(a) should have been granted.
Finally, even if it is impossible to join all of the absentees in this case, the trial court is not necessarily precluded from continuing with the case. C.R.C.P 19(b) requires that where such parties cannot be joined,
"the court shall determine whether in the interest of justice the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."
Thus, the trial court could not deny plaintiffs' relief in the absence of (1) a determination that the plaintiffs failed to join the absentees after being ordered to do so or (2) a determination that joinder was infeasible and a ruling that the parties were indispensable under C.R.C.P. 19(b). See Provident Tradesmens Bank & Trust Co. v. Patterson, supra.
Judgment is reversed and cause remanded with directions to join, if feasible, the present owners of the property previously owned by defendants, and to determine appropriate relief for the plaintiffs which will also protect the interests of the present adjacent property owners from any permanent injury.
SMITH and RULAND, JJ., concur.
Judgment reversed and cause remanded with directions.