JUSTICE GROVES
delivered the opinion of the Court.
*370 This is an original proceeding seeking the joinder of further defendants in a pending action brought by the petitioners in the respondent court. On April 26, 1979, we issued a rule to show cause why the relief requested should not be granted and stayed proceedings in the district court. No answer or other response has been filed, and we make the rule absolute.
The action in the district court is to quiet title to land, and to obtain an accounting for oil and gas produced from the land, a money judgment and an award of exemplary damages. The case was at issue and set for trial on May 14, 1979. On March 28, 1979 the petitioners (hereinafter called the plaintiffs) filed a motion to amend the complaint by adding three additional defendants and stating claims against them. The respondent court on April 3, 1979 denied the motion. We assume that plaintiffs are correct in their allegation here that the reason for the denial was that to grant the motion would necessitate a continuance of the trial.
The plaintiffs alleged that in March 1979 they discovered that an individual and two corporations, who had not been made parties, held interests in an oil and gas lease on the land, which lease the plaintiffs seek to cancel under the original as well as the amended complaint. The amendment sought to join these three as parties defendant under C.R.C.P. 19(a). C.R.C.P. 19(a) and (b) provide:
“(a) Persons to be Joined if Feasible. A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
“(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subsections (a)(1) and (a)(2) of this Rule cannot be made a party, the court shall determine whether in the interest of justice the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: First, to what extent a judgment rendered in the person’s absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be *371 lessened or avoided; third, whether a judgment rendered in the person’s absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.”
It appears that it was feasible to join the three additional parties. Our stay of proceedings eliminated the district court’s reason for denial of the motion to amend; and, whether or not it committed error in the denial, there now appears to be no reason for refusal to join the parties. Moreover, justice will be served in doing so.
We issued the rule as it seemed from the ex parte presentation that joinder was required under the quoted rule and Potts v. Gordon, 34 Colo. App. 128, 525 P.2d 500 (1974). There being no response, we remain of the same mind.
Rule made absolute.