In the Matter of the ESTATE of John Laufman KERK, a/k/a John L. Kerk, Deceased.

John H. KERK, as Personal Representative of the Estate of John Laufman Kerk, Petitioner,

v.

Marjorie CHRISTY, Caroline Iagulli and Ted Maedel, Jr., Heirs of John Laufman Kerk and Heirs of Rose Maedel, Respondents-Appellees,

and

John H. Kerk, Dallas Kerk, Willard Kerk, Warren Kerk, Bernice Choate, Barbara Olson, and Pauline Glassburn, Heirs of John Laufman Kerk, Respondents-Appellants.

No. 80CA0691.

Colorado Court of Appeals, Div. II.

Jan. 29, 1981.

John S. Kellogg, Denver, for respondents-appellees.

Edward B. Almon, Denver, for respondents-appellants.

KELLY, Judge.

Appellants seek to reverse the judgment of the probate court that the antilapse statute, § 15–11–605, C.R.S.1973, prevents an estate from passing by intestacy when the sole residuary beneficiary has predeceased the testator. We affirm.

The record indicates that the testator, John Laufman Kerk, devised his entire estate to his sister, Rose Maedel. She predeceased the testator and was survived by three children, who are appellees in this action. The appellants are heirs of the testator in equal degree as the appellees.

Section 15–11–605, C.R.S.1973, states in part that:

"If a lineal descendant of a grandparent of the testator . . . fails to survive the testator . . . the issue of the deceased devisee . . . take in place of the deceased devisee . . . ."

Appellants argue that this statute applies only to class gifts; therefore, a sole residuary devisee is excluded from its operation. We disagree.

 Forced or strained interpretation of a statute should never be resorted to where the language is plain and its meaning is clear. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973). The plain meaning of the antilapse statute is that it is not limited to class gifts, but applies to any devisee who is a lineal descendant of a grandparent of the testator and leaves issue who survive the testator.

Accordingly, the gift to Rose Maedel did not lapse, and her issue take in her place.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.