Joseph and Barbara J. FALZON, Individually and as Next Friends of Joseph D. Falzon, Steven Falzon, Rodney Falzon and Ramon Falzon, Minors, Plaintiffs-Appellants,

v.

HOME INSURANCE COMPANY, Intervening Plaintiff,

v.

VOLKSWAGEN MANUFACTURING CORPORATION OF AMERICA, a Pennsylvania corporation, Volkswagenwerk, A.G., a foreign corporation, Wood Motors, Inc., a Michigan corporation, and GMBH, a corporation, jointly and severally, Defendants-Appellees.

Joseph and Barbara J. FALZON, Individually and as Next Friends of Joseph D. Falzon, Steven Falzon, Rodney Falzon and Ramon Falzon, Minors, Plaintiffs-Appellants,

v.

VOLKSWAGEN OF AMERICA, INCORPORATED, a New Jersey corporation, Defendant-Appellee.

Nos. 81CA0855, 81CA0922.

Colorado Court of Appeals, Div. II.

Sept. 30, 1982.

Rehearing Denied Nov. 4, 1982.

Certiorari Denied March 28, 1983.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Denver, for plaintiffs-appellants.

Hall & Evans, Robert S. Treece, Arthur R. Karstaedt, Evan M. Zuckerman, Denver, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiffs, Joseph and Barbara Falzon, appeal orders entered by the Denver District Court issuing subpoenas duces tecum in aid of depositions, and orders by the El Paso County District Court enforcing one of the subpoenas. We reverse and remand with directions.

Plaintiffs initiated a products liability claim in a Michigan trial court. To prepare their defense, defendants Volkswagen Manufacturing Corporation of America, Volkswagenwerk A.G., Wood Motors, Inc., and G.M.B.H., elected to take depositions in Colorado of plaintiffs' doctors, compel production of plaintiffs' medical records which were in the hands of various doctors and hospitals, and take the deposition of and examine relevant documents belonging to Richard Edie, a litigation photographer who, on plaintiffs' behalf, took movies of

plaintiffs in their home to display plaintiffs' difficult living conditions.

Defendants served notices of depositions on plaintiffs and plaintiffs' Michigan counsel in compliance with Michigan General Court Rule 306. However, since all the witnesses and documents relevant to this appeal were located in Colorado, defendants filed five motions in Denver District Court for subpoenas to compel attendance of witnesses and production of records. No commission, *dedimus potestatem,* or letters rogatory were issued by the Michigan court requesting the aid of a Colorado court, no designations of the materials set forth in the subpoena to be produced were attached to the notices of depositions, and it is undisputed that plaintiffs received no advance notice that the subpoenas were being requested or issued.

Nevertheless, based on the copies of notices of depositions contained in defendants' five motions for subpoenas, it appears that 39 subpoenas were authorized to be issued to witnesses for depositions to be held from February 5, 1981, through May 14, 1981.

At every deposition which has been included in the record, plaintiffs' attorney objected that the depositions were improper because no commission to take depositions, required by §§ 13–90–111 and 13–90–112, C.R.S.1973, had ever been issued by the Michigan court. Plaintiffs' attorney also objected, during the last few depositions, to the production of documents on the grounds that the notice as to the taking of depositions failed to contain a designation of documents to be produced at the deposition as required by C.R.C.P. 30(b)(1).

Despite plaintiffs' objections, the depositions prior to May 14, 1981, were taken without incident. However, on May 14, 1981, during the taking of the photographer's deposition, in El Paso County, defendants' counsel requested documentation, via the photographer's personal calendar, of the date on which the movies of plaintiffs were taken. Defendants' counsel demanded that the witness return to his office for his calendar, or that the witness allow the deposition to reconvene at his office where the witness could search for the calendar and answer the questions. The witness refused to comply with these demands, reciting the objections that there was no commission and that the notice was defective.

Defense counsel thereupon terminated the deposition session and requested that the El Paso County District Court issue an order that the witness be ordered to show cause why he should not be punished for contempt because of his refusal to obey the subpoena. This order to show cause was issued with immediate return, and, on the same day, the sheriff arrested the witness and brought him before the court, at which time a hearing was held and the witness was ordered to comply with the subpoena. After the hearing, the witness produced his calendars and the deposition resumed under objection from plaintiffs' attorney.

On the day after the depositions were taken, plaintiffs, pursuant to C.R.C.P. 60, moved, in Denver District Court, to quash the subpoenas and for relief from the orders authorizing the subpoenas. Plaintiffs also moved to amend or alter the judgment in El Paso County District Court requiring the photographer to continue testifying and to produce documents. Both courts declined to modify their orders, and plaintiffs appealed both courts' denial of post-judgment relief. The appeals from both courts have been consolidated in this court.

Plaintiffs request that each subpoena and deposition be declared invalid, that the transcripts of each deposition and all documents obtained pursuant to subpoenas (originals, copies, summaries, and notes by counsel concerning the originals) be returned to plaintiffs and that defendants desist from obtaining additional ex parte subpoenas.

At the outset we consider defendants' argument that plaintiffs lack standing because plaintiffs were neither the persons to whom the subpoenas were directed nor persons in possession of or in control of the documents whose production was required by the subpoenas, and because plaintiffs have not suffered injury in fact.

■ Under Colorado law "the proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions." *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535, (1977); *Cottrell v. Denver,* 636 P.2d 703 (Colo.1981).

In *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission,* 620 P.2d 1051 (Colo. 1980), the Colorado Supreme Court, quoting *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), noted that injury in fact need not be exclusively economic, but "may exist *solely* by virtue of 'statutes creating legal rights the invasion of which creates standing.'" (emphasis in original) *See Dodge v. Department of Social Services,* 198 Colo. 379, 600 P.2d 70 (1979). The *Cloverleaf* court suggested guidelines for determining when a plaintiff alleging such an invasion of a statutory right has an actionable injury entitling him to judicial review.

Quoting *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), it set out the applicable criteria, as follows:

"First ... does the statute create a ... right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"

■ Applying the above analysis to the case before us, we conclude that §§ 13–90–111 and 13–90–112, C.R.S.1973, do create rights in favor of these plaintiffs, the invasion of which confers standing. Those sections require that a party who seeks to enforce attendance of a witness at a deposition in Colorado for an action pending in a foreign jurisdiction, or who seeks a subpoena duces tecum for production of documents by a witness who is to be deposed in Colorado, must first obtain a commission or *dedimus potestatem* from that foreign jurisdiction. While the statutes in question provide a means for insuring the testimony of potential Colorado deponents by parties to a suit outside Colorado, the statutes also insure a degree of supervision and control over discovery by the courts in Colorado by requiring a commission or *dedimus potestatem* from the foreign court which has jurisdiction over the underlying suit. Such a requirement thus serves not only as a check on unfettered and unwarranted discovery in Colorado by foreign litigants, but also protects the interests of the parties to the litigation against whom the discovered material is sought to be used. Such a construction is consistent both with our view of the meaning and legislative purpose of the statutes in question, and with the various requirements pertaining to discovery established by the Colorado Rules of Civil Procedure. Accordingly, we hold that plaintiffs here have standing to seek judicial review.

Turning now to a consideration of the merits of plaintiffs' appeal, we agree with their first contention that the subpoenas were issued by the Denver District Court in violation of §§ 13–90–111 and 13–90–112, C.R.S.1973, and are therefore invalid.

■ As mentioned above, the statutes in question require that before the Denver Court could issue subpoenas to compel attendance at a deposition in Colorado, the Michigan Court must have first issued a commission or *dedimus potestatem* to the court in Colorado. It is undisputed that in this case no such commissions were ever sought by defendants or issued by the Michigan Court. Therefore, the Denver District Court was without authority to issue the subpoenas and subpoenas duces tecum. This initial lack of authority by the issuing court vitiates all subsequent proceedings involving those subpoenas, including the proceedings before the El Paso County District Court to compel testimony and production of documents by the photographer, Edie.

Since by our ruling on this issue all of the subpoenas issued by the Denver District Court are invalid, it is unnecessary to consider plaintiffs' other arguments.

Accordingly, the decisions of the Denver District Court granting defendants' motions for subpoenas are reversed and the cause is

remanded with directions to vacate the ex parte orders of January 22, March 10, March 11, April 29, and May 5, 1981, to order defendants to return to the Denver District Court all depositions taken pursuant to those subpoenas, and to make those depositions unavailable for use in any further legal proceedings. We also direct the Denver Court to order the defendants to return all exhibits and other documents produced under subpoena to the persons from whom they were obtained. The order of the El Paso County District Court is also reversed and that cause is remanded with directions that the court vacate its order of May 14, 1981.

PIERCE and STERNBERG, JJ., concur.