**FAWN LAKE RANCH COMPANY, a Nebraska corporation, Plaintiff-Appellant,**

v.

**K.C. ELECTRIC ASSOCIATION, a Colorado corporation, Defendant-Appellee.**

No. 84CA0403.

Colorado Court of Appeals, Div. III.

March 28, 1985.

---

John Gehlhausen, P.C., Lamar, for plaintiff-appellant.

Richard D. Thomas, Burlington, for defendant-appellee.

STERNBERG, Judge.

Finding that plaintiff, Fawn Lake Ranch Co., lacked standing to bring this action, the trial court dismissed its complaint. On appeal by plaintiff, we reverse.

Plaintiff contracted to sell some property it owned, including certain water rights, to Patrick Broe. The contract provided, *inter alia*, that the irrigation engines and wells on the property were to be in working condition. However, the engines and wells were electrically operated, and defendant, K.C. Electric Association, allegedly refused to provide electric service to Broe because of an outstanding bill incurred by a previous tenant of the property.

In order to restore the electric service, plaintiff voluntarily paid the outstanding bill and subsequently initiated this action to recoup the amount paid. Plaintiff's complaint sought to invoke the court's jurisdiction pursuant to § 40-7-102, C.R.S., and alleged a violation of Public Utilities Commission Rule 13(b).

In pertinent part, § 40-7-102 provides:

"In case any public utility does ... any act ... prohibited, forbidden, or declared to be unlawful, ... [by] any order or decision of the [Public Utilities] Commission, such public utility shall be liable to the persons or corporations affected thereby for all loss, damage, or injury caused thereby or resulting therefrom."

P.U.C. Rule 13(b) provides:

"Delinquency in payment for service rendered to a previous occupant of the premises to be served and unpaid charges for service or facilities not ordered by the present or prospective customers shall not constitute a sufficient cause for refusal of service to a present or prospective customer; provided, however, the utility may decline to furnish service at the same premises for the use of a delinquent customer by subterfuge in any manner. Subterfuge includes, but is not restricted to, an application for service at a given location in the name of another party by an applicant whose account is delinquent and who continues to reside at the premises."

Defendant moved to dismiss the complaint pursuant to C.R.C.P. 12(b)(5), asserting, *inter alia*, that only Broe had the right to seek relief pursuant to P.U.C. Rule 13(b) and, barring an assignment of that right, plaintiff had no standing to bring an action under § 40-7-102. Defendant further asserted that plaintiff had no right to release defendant from further liability to Broe, and thus, under C.R.C.P. 17(a), was not the real party in interest. The trial court agreed and dismissed the complaint.

On appeal, plaintiff contends that the plain words of § 40-7-102 grant a right of action to all persons or corporations affected by the violation of a P.U.C. Rule and imposes no requirement that a claimant also have standing to pursue the underlying administrative remedy. We agree.

If the language of a statute is clear, courts may not resort to forced or strained interpretations, but must give effect to the statute as written. *See People v. Macias*, 631 P.2d 584 (Colo.1981); *In re*

*Estate of Kerk*, 624 P.2d 373 (Colo.App. 1981). Here, the statute imposes no limitation on rights of action other than that a claimant must have been affected by the unlawful, prohibited, or forbidden conduct of a public utility. Plaintiff's complaint sufficiently alleges facts which, if proven, establish that it was affected by the prohibited action of defendant. Therefore, the complaint should not have been dismissed.

We note also that the proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. *Falzon v. Home Insurance Co.*, 661 P.2d 696 (Colo.App.1983). This does not include consideration, as defendant asserts, of whether a defendant might be subjected to multiple liability. That issue may, however, be a proper consideration for joinder pursuant to C.R.C.P. 19(a).

The judgment is reversed, and the cause is remanded with directions to reinstate plaintiff's complaint and for further proceedings.

TURSI and METZGER, JJ., concur.