PRUTCH BROTHERS TELEVISION AND MUSIC SYSTEMS, INC., d/b/a Prutch Brothers, a Colorado corporation, and Trice the Jeweler, Inc., a Colorado corporation, Plaintiffs-Appellees,

v.

CROW WATSON NO. 8, a Texas limited partnership, Defendant-Appellant.

No. 85CA0772.

Colorado Court of Appeals, Div. III.

Dec. 11, 1986.

Bader & Cox, Gerald L. Bader, Jr., Scott L. Levin, Denver, for plaintiffs-appellees.

Brownstein Hyatt Farber & Madden, Kenneth R. Bennington, Timothy D. Knaus, Denver, for defendant-appellant.

VAN CISE, Judge.

In this action seeking a solution to parking problems in the Plaza at Aurora Mall (the shopping center), plaintiffs, Prutch Brothers Television and Music Systems, Inc., and Trice the Jeweler, Inc. (Prutch and Trice), two retail tenants in the shopping center, obtained a preliminary mandatory injunction directing defendant, Crow Watson No. 8 (landlord), to allocate a large area of parking at the center to one hour parking. The landlord appeals, contending, *inter alia*, that the trial court erred in granting the preliminary injunction without joining the other tenants in the shopping center, all of whom, landlord claims, are subject to service of process in this action and are indispensable parties for a complete adjudication of rights between the litigants. We remand for further proceedings.

All leases at the shopping center provided that the tenants, for themselves and their customers, would have nonexclusive rights to use the shopping center parking area. When Prutch and Trice leased their store spaces in 1982, adequate parking was available. Since then, however, the landlord has leased space to others, including a movie theatre, restaurant, athletic club, and video arcade. Because of the increase in the number of business establishments and because nonretail customers often require parking for extended periods of time, parking space for retail customers has become difficult to find, at certain hours, and is virtually unavailable in the shopping center.

Prutch and Trice commenced this action in March 1985, seeking injunctive relief, rescission of their leases, and damages. Proceeding *ex parte*, they obtained a temporary restraining order directing the landlord to provide adequate parking for Prutch and Trice and their customers. Then, after an evidentiary hearing at which the landlord raised the issue of indispensable parties not having been joined, the trial court in April 1985 issued the preliminary injunction which is the subject of this appeal.

The landlord then filed a motion for reconsideration of the order granting the preliminary injunction on the grounds of failure to join indispensable parties as required under C.R.C.P. 19(a) and for other reasons not pertinent here. Attached to the motion were affidavits concerning letters from persons representing the theatre and the restaurant, which complained about parking problems caused by the installation of one-hour parking signs and threatening court action if the condition were to continue. The landlord averred that its other tenants had the same rights in the parking area as Prutch and Trice and that the court could not render judgment in their favor without adversely affecting other tenants' rights. The court denied the motion without making any finding whether any of the unjoined persons were indispensable.

On appeal, the landlord's primary contention, which, if correct, moots all of its other contentions, is that the other tenants, and even the City of Aurora because of adjacent street parking problems, are indispensable parties and should have been joined, and that the preliminary injunction is void because of nonjoinder.

C.R.C.P. 19(a) provides:

"A person who is properly subject to service of process in the action shall be joined if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party...."

"C.R.C.P. 19(a) is mandatory, and requires the trial court to join persons falling within its provisions, if feasible." *Potts v. Gordon,* 34 Colo.App. 128, 525 P.2d 500 (1974).

■ The test for determining indispensability is set forth in *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963):

"Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person?"

Whether a party is indispensable is a mixed question of fact and law. *Civil Service Commission v. District Court,* 185 Colo. 179, 522 P.2d 1231 (1974).

■ Here, it appears that the other tenants, and particularly the nonretail tenants, and perhaps the city, may be indispensable parties to the injunction proceeding. *See Jacobucci v. District Court,* 189 Colo. 380, 541 P.2d 667 (1975); *Civil Service Commission v. District Court, supra; Hidden Lake v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973); *Fawn Lake Ranch Co. v. K.C. Electric Ass'n,* 700 P.2d 564 (Colo. App.1985); *Potts v. Gordon, supra.* If so, an injunction that adversely affects such unjoined parties is void. *Hidden Lake, supra.* However, the trial court made no findings or conclusions whether any of those tenants or the city are indispensable parties to this action.

Accordingly, the cause is remanded for a determination whether other persons must be joined pursuant to C.R.C.P. 19(a), and for further proceedings consistent with that determination.

BABCOCK and METZGER, JJ., concur.