Joe WILLIAMSON, Geraldine Williamson, and Stephen A. Runyard, Plaintiffs–Appellees and Cross–Appellants,

v.

H.E. DOWNS, Defendant–Appellant and Cross–Appellee.

No. 90CA2074.

Colorado Court of Appeals, Div. IV.

March 12, 1992.

Johnson and Johnson, Robert W. Johnson, Colorado Springs, for plaintiffs-appellees and cross-appellants Joe Williamson and Geraldine Williamson.

Hecox, Tolley, Keene & Beltz, P.C., Cynthia M. Dude, Colorado Springs, for plaintiff-appellee and cross-appellant Stephen A. Runyard.

Paxton and Paxton, David A. Paxton, Colorado Springs, for defendant-appellant and cross-appellee.

Opinion by Judge MARQUEZ.

Defendant, H.E. Downs, appeals from an order of the trial court granting an easement across his property in favor of plaintiffs, Joe Williamson, Geraldine Williamson, and Stephen A. Runyard. Plaintiffs cross-appeal from a denial of their claims for attorney fees. We affirm.

The parties all own tracts of real property in Teller County, Colorado. At one time, these and other tracts were under common ownership as part of a large ranch. In February 1978, the common predecessor in title recorded a reservation "for themselves, their heirs, and subsequent owners of all or part of said real property" for a "non-specific sixty (60) foot easement as currently traveled through and across said real property for rights of way purposes for ingress and egress only."

In June 1985, plaintiffs Williamson sued defendant to establish their rights to cross his property. In April 1989, after the case had been pre-tried and set for trial, plaintiff Runyard moved to intervene, claiming that the issues with respect to his claim were identical to those of the Williamsons. Although defendant opposed Runyard's motion for intervention, the court nevertheless granted the request.

At trial, contrary to defendant's argument in opposition, the court determined that there was an access road in use across defendant's property at the time of the reservation. Thereafter, a location was determined and fixed by a survey showing the route travelled at the time of the reservation. The route was subsequently altered in some respects to avoid interference with defendant's buildings and to allow plaintiffs to use a driveway on defendant's land.

## I.

Arguing that indispensable parties were left out of the proceeding, defendant now contends that we should reverse the judgment. We disagree.

Defendant asserts that the owners of at least three parcels of property are capable of claiming access rights under the same reservation across plaintiffs' properties and ultimately across defendant's property. Defendant also contends that the existence of these non-parties was known to plaintiffs prior to trial and that these persons were indispensable parties to the action.

C.R.C.P. 19(a) provides:

A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . .

█ Compliance with this rule is mandatory. But, whether a party is indispensable depends on the facts of each case. *Jorgenson v. City of Aurora*, 767 P.2d 756 (Colo.App.1988). Further, whether a party is indispensable is a mixed question of fact and law. *Prutch Brothers Television & Music Systems, Inc. v. Crow Watson No. 8*, 732 P.2d 241 (Colo.App.1986).

■ Under C.R.C.P. 19, a person or entity whose presence is necessary to assure complete relief or to protect a legally cognizable interest at stake in an action must be joined as a party thereto. *B.C., Ltd. v. Krinhop*, 815 P.2d 1016 (Colo.App.1991). However, mere interest in the subject matter of the litigation, even though substantial, is not sufficient in itself to warrant a determination of indispensability, although it may be sufficient to make those having such interest as persons to be joined if feasible under C.R.C.P. 19(a). *Thorne v. Board of County Commissioners*, 638 P.2d 69 (Colo.1981).

Here, defendant does not claim that complete relief could not be accorded the parties already joined if the additional land owners were not also joined. Nor does he assert that the ability of the non-joined persons to protect their interests would be impaired or impeded. Rather, defendant claims that the court's failure to join the non-parties exposed him to the risk of inconsistent decisions, multiple suits, and related obligations or injuries, and that the court's error could be cured only by setting aside the judgment and ordering joinder of the additional parties.

The court, in denying defendant's motion for joinder, noted that defendant had earlier objected to the intervention of plaintiff Runyard and that the three absent landowners could have been permissively joined under C.R.C.P. 20 by defendant.

■ We conclude that the court did not err in determining that the three non-party landowners did not have to be joined under C.R.C.P. 19.

First, there was no evidence presented that the three non-party landowners were actually claiming an interest relating to the subject of the action. *See* C.R.C.P. 19(a)(2).

■ Second, even if they were claiming an interest, disposition of the action in their absence did not subject defendant to a *substantial* risk of double, multiple, or otherwise *inconsistent obligations* because of their claimed interest. *See* C.R.C.P. 19(a)(2)(B). The burden of persuasion should rest upon the party asserting the necessity of joining absent parties. *Sierra Club v. Watt*, 608 F.Supp. 305 (D.C.Cal. 1985); *see* 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil 2d* § 1609 (1986).

In concluding that the absent property owners were not indispensable parties, the trial court noted that all parties' rights and obligations arise out of the same undisputed chain of title and that the same reservation of rights exist in all of their respective deeds. It found that the likelihood of inconsistent obligations for defendant is not substantial since plaintiffs stipulated to provide the absent property owners the same rights of ingress and egress across their properties that they would acquire across Downs' property. Thus, there does not appear to be a substantial risk that defendant will be subjected to any inconsistent obligations as long as plaintiffs prevail in this litigation.

## II.

■ Arguing that there was no credible evidence to support defendant's defense, plaintiffs contend that the trial court erred in failing to award them attorney fees. However, the court's finding that defendant's defense was not groundless is supported by evidence in the record, and thus, that finding will not be disturbed on appeal. *Haney v. City Court*, 779 P.2d 1312 (Colo.1989).

Judgment affirmed.

CRISWELL and DUBOFSKY, JJ., concur.